## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SKYPORT GLOBAL | § | CASE NO. 08-36737-H4-11 |
| COMMUNICATIONS, INC., | § | (Chapter 11) |
| Debtor | § | |

| | | |
|---|---|---|
| Joanne Schermerhorn, John K. Waymire, Chet Gutowsky, John Llewellyn, Joseph A. Lopez, Robert Foote, BLF Partners, Ltd., ECAL Partners, Ltd, Whiz Kid Ventures, LLC, Bella Krieger, Martin Pollak, Gloster Holdings, LLC, Melvyn Reiser, Barry Klein, Yecheskel Kahan, John A. Rees, Brian W. Harle, MD, Michael Stein, Lawrence Solomon, Tracy Elstein & David Togut, Jason Charles Togut Trust, BMT Grantor Trust, Lynn Joyce Elstein Trust, Charles Stack, Joseph Baker, Movada, Ltd., Puddy, Ltd., Draco Capital, Inc., Edward Pascal, Robert Mendel, Stanley Beraznik, Don Dui, Ben Ariano, 3790168 Canada, Inc., Peter Taylor, John E. Panneton, Wayne C. Fox, David Currie, Byron Messier, Darshan Khurana, Mateo Novelli, Diya Al-Sarraj, Sequoia Aggressive Growth Fund, Ltd., Sequoia Diversified Growth Fund, Ltd., Rig III Fund, Ltd., Aran Asset Management SA, Semper Gestion SA, and Eosphoros Asset Management, Inc., Plaintiffs | § § § § § § § § § § § § § § § § § § § § § § § § | |
| | § | |
| vs. | § | ADVERSARY NO. 10-3150 |
| | § | |
| CenturyTel, Inc. (a/k/a CenturyLink), Clarence Marshall, R. Stewart Ewing, Jr., Michael E. Maslowski, Harvey P. Perry, Robert Kubbernus, Balaton Group, Inc., Bankton Financial Corporation, Bankton Financial Corporation, LLC, ClearSky Management, Inc., Wilson Vukelich, LLP, and ClearSky Investments, LP, Defendants | § § § § § § § § | |

## DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
## UNTIMELY RULE 9027(E)(3) STATEMENT
### (Relates to Docket #8)

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND

THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.
**************************************************************************

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

The above-captioned Defendants,[1] being insiders and released professionals of the Reorganized Debtor, SkyPort Global Communications, Inc., by and through their counsel of record, respectfully move this Court to strike Plantiffs' untimely *Plaintiffs' Statement Pursuant to Bankruptcy Rule 9027(e)(3) Concerning Notice of Removal* ("Objection to Notice of Removal", Docket #8). In support thereof, Defendants respectfully show as follows:

## I.  Summary

1.      Plaintiffs were late in objecting to the Notice of Removal. They set forth no justification for the late filing. Under the law such an untimely objection is also a wavier of correlative motions.

## II.  Factual Background

2.      On February 17, 2010, Plaintiff shareholders and investors filed a derivative petition that attacks the Confirmation Order. The complaint is over 110 pages in length.

3.      On March 26, 2010, Defendants filed a *Notice of Removal* under Bankruptcy Rule 9027, pointing out that the Petition alleges various corporate injuries and seeks to (a) revert control of the Reorganized Debtor back under control of the former shareholders, and (b) challenge the merger contained in the Plan of Reorganization. The Notice of Removal was served the same day on counsel for Plaintiffs.

---

[1]    Except Wilson Vukelich, LLP, which is a Canadian law firm doing business in Canada. Movants of this Motion are CenturyTel, Inc. (a/k/a CenturyLink), Clarence Marshall, R. Stewart Ewing, Jr., Michael E. Maslowski, Harvey P. Perry, Robert Kubbernus, Balaton Group, Inc., Bankton Financial Corporation, Bankton Financial Corporation, LLC, ClearSky Management, Inc. and ClearSky Investments, LP.

4.      The deadline for Plaintiffs to file an objection to the Notice of Removal was 14 days after the Notice of Removal was filed — April 9, 2010.  No timely objection was filed.

5.      On April 13, 2010 Plaintiffs filed an untimely objection.  (Docket #8).   The objection states no justification for its tardiness, nor does it acknowledge that it was filed out of time.

### III. Legal Authority—Late Objections are Waivers

6.      Plaintiffs' Objection to the Notice of Removal should be stricken as untimely.

7.      Bankruptcy Rule 9027(e)(3) sets a 14 day[2] deadline for objecting to a notice of removal:

> (3) Any party who has filed a pleading in connection with the removed claim or cause of action, other than the party filing the notice of removal, **shall file a statement** admitting or denying any allegation in the notice of removal that upon removal of the claim or cause of action the proceeding is core or non-core. If the statement alleges that the proceeding is non-core, it shall state that the party does or does not consent to entry of final orders or judgment by the bankruptcy judge. **A statement required by this paragraph shall be signed pursuant to Rule 9011 and shall be filed not later than 14 days after the filing of the notice of removal.** Any party who files a statement pursuant to this paragraph shall mail a copy to every other party to the removed claim or cause of action.

Fed. R. Bankr. P. 9027(e)(3) (emphasis added).

8.      A late objection under 9027(e)(3) can be a waiver.  See, e.g., *In re Agent Sys.*, 289 B.R. 828, 835 (Bankr. N.D. Tex. 2002) (Lynn, J.); see also *Indus. Clearinghouse, Inc. v. Mims (In re Coastal Plains, Inc.)*, 338 B.R. 703, 709 (N.D. Tex. 2006) (Boyle, J.); and *Indus. Clearinghouse v. Mims (In re Coastal Plains, Inc.)*, 326 B.R. 102, 112 (Bankr. N.D. Tex. 2005) (Hale, J.) (untimely 9027(e)(3) statement stricken for numerous reasons, including because case

---

[2] Expanded from 10 days as of December 1, 2009.

was core).  Judges Boyle, Hale, and Lynn all correctly upheld objections by the removing party to a late 9027(e)(3) statement, either on the merits or the lateness itself.

9.      Notably, Judge Lynn found that the untimely Rule 9027(e)(3) objection acted as a time bar to correlative motions.  "Since Plaintiff failed to comply with the timing requirements of Rule 9027(e)(3), the Motion [to abstain] was late."  *In re Agent Sys.* at 835.  This failure was one reason to deny the motion to abstain and remand.  *Id.*

## IV. Conclusion

10.      Plaintiffs had to comply with Bankruptcy Rule 9027(e)(3) or seek leave to expand time for cause.  They did neither.  The Court should strike the Plaintiffs Objection to the Notice of Removal (Docket #8) as untimely.  Likewise, following Judge Lynn's logic, to the extent that some correlative motion has not been filed, it should be considered late as well.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court Strike Docket #8 and grant such other relief to which they may show themselves entitled, at law or equity.

Dated: April 13, 2010.

<div style="margin-left:40%">

Respectfully submitted,

MCKOOL SMITH, P.C.

*/s/ Hugh M. Ray, III*
HUGH M. RAY, III
State Bar No. 24004246
600 Travis, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344

ROBERT M. MANLEY
State Bar No. 00787955
300 Crescent Court, Ste. 1200
Dallas, TX 75201

</div>

Telephone: (214) 978-4000
Facsimile: (214) 978-4044

**ATTORNEYS FOR ALL DEFENDANTS
(EXCEPT WILSON VUKELICH, LLP)**

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the above and foregoing Motion were forwarded via U.S. first class mail, postage prepaid, to Plaintiffs' counsel and by international registered mail to Defendant, Wilson Vukelich, LLP, at the addresses noted below on April 6, 2010, and to parties listed on the attached Service List.

<table>
<tr>
<td valign="top">

Plaintiffs' Counsel:
Eric Fryar
The Fryar Law Firm
1001 Texas Ave, Ste 1400
Houston, TX 77002-3194

Samuel Goldman
Samuel Goldman & Assoc.
100 Park Ave 20th FL
New York, NY 10017

Harold B. Obstfeld
Harold B. Obstfeld, P.C.
100 Park Ave 20th FL
New York, NY 10017

</td>
<td valign="top">

Wilson Vukelich, LLP:
Wilson Vukelich, LLP
Valleywood Corporate Centre
60 Columbia Way, Ste 710
Markham, Ontario
L3R 0C9
CANADA

</td>
</tr>
</table>

   _/s/ Hugh M. Ray, III_____
HUGH M. RAY, III