IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SKYPORT GLOBAL | § | CASE NO. 08-36737-H4-11 |
| COMMUNICATIONS, INC., | § | (Chapter 11) |
|    Debtor | § | |
| | § | |
| | § | |

| | | |
|---|---|---|
| JOANNE SCHERMERHORN, JOHN K. WAYMIRE, CHET GUTOWSKY, JOHN LLEWELLYN, JOSEPH A. LOPEZ, ROBERT FOOTE, BLF PARTNERS, LTD., ECAL PARTNERS, LTD., WHIZKID VENTURE, LLC, BELLA KRIEGER, MARTIN POLLAK, GLOSTER HOLDINGS, LLC, MELVYN REISER, BARRY KLEIN, CHESKEL KAHAN, JOHN A. REES, BRIAN W. HARLE, MICHAEL STEIN, LAWRENCE SOLOMON, TRACY ELSTEIN & DAVID TOGUT, JASON CHARLES TOGUT TRUST, BMT GRANTOR TRUST, LYNN JOYCE ELSTEIN TRUST, CHARLES STACK, JOSEPH BAKER, MOVADA, LTD., PUDDY, LTD., DRACO CAPITAL, INC., EDWARD PASCAL, ROBERT MENDEL, STANLEY BERAZNIK, DON DUI, BEN ARIANO, 3791068 CANADA, INC., PETER TAYLOR, JOHN E. PANNETON, WAYNE C. FOX, DAVID CURRIE, BYRON MESSIER, DARSHAN KHURANA, MATEO NOVELLI, DIYA AL-SARRAJ, SEQUOIA AGGREESSIVE GROWTH FUND, LTD., SEQUOIA DIVERSIFIED GROWTH FUND, LTD., RIG III FUND, LTD., ARAN ASSET MANAGEMENT SA, SEMPER GESTION SA, and EOSPHOROS ASSET MANAGEMENT, INC.<br>   Plaintiffs | § § § § § § § § § § § § § § § § § § § § § | |
| vs. | § | ADVERSARY NO. 10-3150 |
| CENTURYTEL, INC. (a/k/a CENTURYLINK), CLARENCE MARSHALL, R. STEWART EWING, JR., MICHAEL E. MASLOWSKI, HARVEY P. PERRY, ROBERT KUBBERNUS, BALATON GROUP, INC., BANKTON FINANCIAL CORPORATION, BANKTON FINANCIAL CORPORATION, LLC, CLEARSKY MANAGEMENT, INC., WILSON VUKELICH, LLP and CLEARSKY INVESTMENTS, LP<br>   Defendants | § § § § § § § § § § § | JURY TRIAL DEMANDED |

**MOTION FOR RECONSIDERATION OF DEFENDANTS'
MOTION TO STRIKE PLAINTIFFS' RULE 9027(E)(3) STATEMENT
<u>PURSUANT TO BANKRUPTCY RULE 9024</u>**

1

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
**Represented parties should act through their attorney.**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

The above-captioned Plaintiffs[1] hereby respectfully move the Court to reconsider its Order [docket #34] entered April 11, 2010, granting Defendants' Motion to Strike [docket # 9] Plaintiffs' Rule 9027(e)(3) Statement [docket # 8]. The grounds for this request are as follows:

---

[1] Plaintiffs are Joanne Schermerhorn, John K. Waymire, Chet Gutowsky, John Llewellyn, Joseph A. Lopez, Robert Foote, BLF Partners Ltd., ECAL Partners, Ltd., Whizkid Venture, LLC, Bella Krieger, Martin Pollack, George Metcalf, Gloster Holdings, LLC, Melvyn Reiser, Barry Klein, Cheskel Kahan, John A. Rees, Brian W. Harle, Michael Stein, Lawrence Solomon, Tracy Elstein & David Togut, Jason Charles Togut Trust, BMT Grantor Trust, Lynn Joyce Elstein Trust, Charles Stack, Joseph Baker, Movada, Ltd, Puddy, Ltd, Draco Capital, Inc., Edward Pascal, Robert Mendel, Stanley Beraznik, Don Bui, Ben Ariano, 3791068 Canada, Inc., Peter Taylor, John E. Panneton, Wayne C. Fox, David Currie, Byron Messier, Darshan Khurana, Mateo Novelli, Diya Al-Sarraj, Sequoia Aggressive Growth Fund, Ltd., Sequoia Diversified Growth Fund, Rig III Fund, Ltd., Aran Asset Management SA, Semper Gestion SA and Eosphoros Asset Management, Inc.

**PRELIMINARY STATEMENT**

1. Plaintiffs genuinely and sincerely apologize to this court for their failure to file responsive papers to Defendants Motion to Strike Plaintiffs' Rule 9027(e)(3) Statement.

2. This was due to an error on Plaintiffs' part in believing that this issue of the late filing of the 9027(e) statement had been settled by the Court at the scheduling conference held on April 14, 2010.

3. At the conference, three preliminary timing issues were raised:

   a. Defendants noted that Plaintiffs had not timely filed their 9027 statement; stating that it was due on April 9, 2010 and it had been filed on April 13, 2010. Defendants asked that it be stricken and noted that they had filed a motion to that effect on April 13, 2010. The Court admonished Plaintiffs for not timely filing this statement, but did not order the Plaintiffs' 9027 Statement stricken.

   b. Defendants then noted that Plaintiffs had not filed their Rule 7007.1 Statement and asked that the Court set a deadline for plaintiffs to file it. The Court asked when Plaintiffs' motions to remand papers were due and Plaintiffs stated on April 19, 2010. The Court gave Plaintiffs until April 19, 2010 to file their Rule 7007.1 Statement.

   c. Plaintiffs also asked the court for a two week extension of the April 19, 2010, deadline for filing their remand papers so they could retain bankruptcy counsel and the Court denied this request.

4. Plaintiffs therefore understood that all of the issues raised at the conference had been resolved and had been addressed by them. Plaintiffs took the Court's admonition seriously and were gratified that the Court had not granted Defendants' Motion to Strike their 9027(e)(3) Statement at the conference.

5. In addition, it had been noted at the April 14th conference that Defendants had failed to comply with District Local Rule 7, which required that they confer with Plaintiffs' counsel before filing their Motion to Strike, and had also been five days late in filing their Rule 7007.1 Statement. Thus, Plaintiffs submit that it was not unreasonable for them to assume that the Court had determined to not take action as a result of all of these failings – Defendants' as well as Plaintiffs'.

6. Thereafter, Plaintiffs timely filed their Rule 7007.1 Statement and Motion to Remand, as well as their Objection to Defendants' Motion to Dismiss. As noted, the Rule 9027(e) Statement had already been filed on April 13, 2010, before the conference.

7. Plaintiffs assure this Court that had they understood that the matter had not been fully addressed on April 14, 2010, they certainly would have filed an appropriate response. Accordingly, Plaintiffs hereby request this Court to reconsider its Order pursuant to Rule 9024 and Federal Rule of Civil Procedure 60.

## POINT I
### MOTION FOR RECONSIDERATION SHOULD BE GRANTED

8. A motion for reconsideration is allowable under Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60, Relief from Judgment or Order.

9. FRCP Rule 60(b)(1) permits courts to reopen an order for reasons of "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(6) goes further and empowers the court to reopen an order for "any other reason that justifies relief."

10. Plaintiffs' failure to file responsive papers to Defendants Motion to Strike was due to mistake and inadvertence. As previously explained Plaintiffs had understood –

apparently, incorrectly – that the issues raised by this motion had been addressed and disposed of at the April 14 conference.

11. Under these circumstances, reconsideration would be proper. *See Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership et al.*, 507 U.S. 380 (1993) (attorney's inadvertent failure to file a proof of claim within the deadline set by the court can constitute "excusable neglect" within the meaning of FRCP 60).

POINT II
DEFENDANTS' MOTION TO STRIKE SHOULD BE DENIED

*Plaintiffs' Untimely 9027 Statement was Inadvertent and Harmless Error*

12. On March 26, 2010, Defendants removed this lawsuit to the Bankruptcy Court. Plaintiffs received notice via mail, on March 29, 2010. Plaintiffs perceived that their Rule 9027 Statement was due on April 12, 2010, and prepared it for filing by that date.

13. Unfortunately, the filing of the Rule 9027 Statement did not occur until the 13th due to delays in receiving authorization to e-file in the Bankruptcy Court, Southern District of Texas, and unforeseen personal matters as outlined in Eric Fryar's Declaration (*see* Declaration of Eric Fryar, dated May 13, 2010, annexed hereto as Exhibit A), the 9027 Statement was filed manually on April 13, 2010. At the time, Plaintiffs understood they were just one day late in their filing, due to the three additional days for service by mail pursuant to Bankr. Rule 9006(f), but believed that there was certainly no harm to defendants or to judicial administration as a result of their late filing.

14. Indeed, Defendants make no claim of prejudice to the Defendants or to judicial administration of this case, and there should now be no indication of bad faith on the part of

Plaintiffs. Thus, Plaintiffs tardiness caused no harm and should be excused or, in the alternative, this Court should enlarge the deadline for the filing until April 13, 2010.

*The Cases Cited by Defendants in Their Motion to Strike do not Support Striking 9027 Statement for Untimely*

15. Upon review of the cases cited by Defendants in their Motion to Strike, in none of them did the court strike a 9027 statement for late filing. Indeed, the cases they cited, *In re Agent Sys.*, 289 B.R. 828 (Bankr. N.D. Tex. 2002), *In re Coastal Plains, Inc.*, 228 B.R. 703 (Bankr. N.D. Tex. 2005) and *In re Coastal Plain, Inc.*, 326 B.R. 102 (Bankr. N.D. Tex. 2005), stand for the proposition that a Court can strike a Rule 9027(3) Statement after a full hearing on the merits and a determination on substantive grounds that that it had subject matter jurisdiction, removal had been proper, and that the case was core.

*Defendants Had Their Own Procedural Violations*

16. Furthermore, Defendants should be estopped from asserting a claim for late filing when they themselves violated District Court Local Rule 7, incorporated by Local Bankruptcy Rule 1001(b), by failing to call and confer with Plaintiffs' counsel regarding their Motion to Strike before filing it, and also because they were themselves five days late in filing their Bankr. Rule 7007.1 Corporate Ownership Statement.

### POINT III
### ALTERNATIVELY, DECISION ON DEFENDANTS' MOTION TO STRIKE SHOULD BE POSTPONED UNTIL AFTER THE COURT DECIDES ON THE MERITS WHETHER IT HAS SUBJECT MATTER JURISDICTION AND IF THE CASE IS CORE

17. Plaintiffs submit that it would be appropriate and consistent with existing case law for the Court to abstain from deciding the Motion to Strike until it decides the following questions: Does it have jurisdiction over any of Plaintiffs' claims? Was removal of the entire case proper? Do any of Plaintiffs' claims give rise to core jurisdiction?

18. This is precisely what the courts did in *In re Agent Sys.*, and the two *In re Coastal Plains, Inc.* decisions.

19. Further, *In re Agent Sys.* did not involve a late 9027 Statement filing. In that case, the Plaintiff had not filed a 9027 Statement at all, and had filed its motion to remand late. Even in these circumstances, the court made a determination on the merits before denying the motion to remand and granting the motion to strike.

## CONCLUSION

20. For the foregoing reasons, Plaintiffs respectively request that this Court grant their Motion for Reconsideration

21. Furthermore, Plaintiffs respectively request that on reconsideration, Defendants Motion to Strike Plaintiffs' 9027(e)(3) Statement be denied, and that the Court enlarge the time for filing until April 13, 2010.

22. In the alternative, Plaintiffs respectfully request that the determination of Defendants Motion to Strike be made after a determination on the merits whether the Court has subject matter jurisdiction and if the case is determined to be a core proceeding.

Dated: May 14, 2010

Respectfully submitted,

　/s/ Eric Fryar　
Eric Fryar
SBN 07495770
1001 Texas Ave. Ste 1400
Houston, Texas 77002-3194
Tel.　　　888-481-9995
　　　　　281-715-6396
Main Fax:　281-715-6397
Direct Fax: 281-605-1888
Email: efryar@fryarlawfirm.com

        Samuel Goldman
        Samuel Goldman & Associates
        100 Park Ave; 20th Floor
        New York, New York 10017
        Tel.       212-725-1400
        Fax.      212-725-0805
        Email: sg@sgalaw.com

        Harold B. Obstfeld
        Harold B. Obstfeld, P.C.
        100 Park Ave; 20th Floor
        New York, New York 10017
        Tel.       212-696-1212
        Fax.      212-867-7360
        Email: hobsd@erols.com

        ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

I certify that I conferred Hugh M. Ray III regarding the relief Plaintiffs are seeking. He is opposed.

        /s/ Eric Fryar

## CERTIFICATE OF SERVICE

I certify that this pleading was served on all parties via ECF

        /s/ Eric Fryar