IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| SKYPORT GLOBAL COMMUNICATIONS, INC., | § § § | CASE NO. 08-36737-H4-11 (Chapter 11) |
| Debtor | § | |
| Joanne Schermerhorn, John K. Waymire, Chet Gutowsky, John Llewellyn, Joseph A. Lopez, Robert Foote, BLF Partners, Ltd., ECAL Partners, Ltd, Whiz Kid Ventures, LLC, Bella Krieger, Martin Pollak, Gloster Holdings, LLC, Melvyn Reiser, Barry Klein, Yecheskel Kahan, John A. Rees, Brian W. Harle, MD, Michael Stein, Lawrence Solomon, Tracy Elstein & David Togut, Jason Charles Togut Trust, BMT Grantor Trust, Lynn Joyce Elstein Trust, Charles Stack, Joseph Baker, Movada, Ltd., Puddy, Ltd., Draco Capital, Inc., Edward Pascal, Robert Mendel, Stanley Beraznik, Don Dui, Ben Ariano, 3790168 Canada, Inc., Peter Taylor, John E. Panneton, Wayne C. Fox, David Currie, Byron Messier, Darshan Khurana, Mateo Novelli, Diya Al-Sarraj, Sequoia Aggressive Growth Fund, Ltd., Sequoia Diversified Growth Fund, Ltd., Rig III Fund, Ltd., Aran Asset Management SA, Semper Gestion SA, and Eosphoros Asset Management, Inc., Plaintiffs | § § § § § § § § § § § § § § § § § § § | |
| vs. | § § | ADVERSARY NO. 10-3150 |
| CenturyTel, Inc. (a/k/a CenturyLink), Clarence Marshall, R. Stewart Ewing, Jr., Michael E. Maslowski, Harvey P. Perry, Robert Kubbernus, Balaton Group, Inc., Bankton Financial Corporation, Bankton Financial Corporation, LLC, ClearSky Management, Inc., Wilson Vukelich, LLP, and ClearSky Investments, LP, Defendants | § § § § § § § § | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
<u>MOTION TO RECONSIDER ORDER</u>**
(Refers to Docket #38)

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

The above-captioned Defendants,[1] hereby object to the Plaintiffs' *Motion For Reconsideration of Defendants' Motion to Strike Plaintiffs' Rule 9027(E)(3) Statement Pursuant To Bankruptcy Rule 9024* ("Motion to Reconsider") [Docket #38] filed by Plaintiffs, showing unto the Court as follows:

## SUMMARY

1. Plaintiffs fail to meet the legal standard for Rule 60(b) relief under Fifth Circuit precedent. Plaintiffs are incorrect on their statement of the Rules with respect to the due date of their 9027(e) statement. Plaintiffs are also incorrect in describing the prejudice attributable to each side if the Court vacates its Order. Applying the correct legal standard, the Court should deny the Motion for Reconsideration because excusable neglect is absent and Plaintiffs suffer only minor prejudice.

## FACTUAL BACKGROUND

2. This adversary proceeding was removed from state court on March 26, 2010, when Defendants filed and served their Notice of Removal [Docket #1].

3. Plaintiffs were required to file a response under Bankruptcy Rule 9027(e) on or before April 9, 2010, if they contested "core" jurisdiction. The 14-day deadline is a "filed by" deadline ("a statement required by this paragraph shall be *filed* not later than 14 days after the notice of removal") (emphasis added). Fed. R. Bankr. P. 9027(e). Plaintiffs filed a response four days late—on April 13, 2010.

---

[1] Except Wilson Vukelich, LLP, which is a Canadian law firm doing business in Canada, Respondents to Plaintiffs' Motion are CenturyTel, Inc. (a/k/a CenturyLink), Clarence Marshall, R. Stewart Ewing, Jr., Michael E. Maslowski, Harvey P. Perry, Robert Kubbernus, Balaton Group, Inc., Bankton Financial Corporation, Bankton Financial Corporation, LLC, ClearSky Management, Inc. and ClearSky Investments, LP.

4.     On April 13, 2010, Defendants moved to strike the untimely 9027(e) statement ("Motion to Strike") [Docket #9]. The Motion to Strike bore the language notice required under BLR 9013 stating: "YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. . . . IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU." The 21-day submission day is a default under the Local Rules.

5.     Any response to the Motion to Strike was due twenty-four (24) days[2] after April 13, 2010—i.e., on or before May 7, 2010.

6.     On April 14, 2010, one day after Plaintiffs filed the Motion to Strike, the Court conducted a status conference. At the status conference, Defendants' counsel stated that the deadlines for response still ran, a proposition with which the Court agreed:

> **Mr. Ray**: So we would ask that, in this case, justice delayed is justice denied. Let's file the motions whenever we want to file the motions, file the responses whenever the responses are due, and set a hearing date promptly after the response date so we can adjudicate this quickly.

Transcript of Hearing p. 20, ll. 21-25 [Docket #26].

7.     On May 11, 2010, the Court struck the untimely 9027(e) statement because no response was filed and for other reasons stated in the Order.

8.     On May 14, 2010, Plaintiffs filed a Motion for Reconsideration under Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b) ("Motion to Reconsider") [Docket # 38]. In the Motion to Reconsider, Plaintiffs allege the several facts upon which they base their claim of excusable neglect:

---

[2] While Bankruptcy Rule 9006(f) does not grant an automatic 3-day extension for filing deadlines, it does grant an extension to responses to pleadings when a response date is computed from the service date. Thus, the 21-day deadline is, at most, 24 days.

    1)    that counsel believed the issues raised by the motion to strike were addressed and disposed of at the April 14 conference;

    2)    that the prejudice to Defendants outweighs prejudice to Plaintiffs;

    3)    "Due to miscommunication with my assistant, I was not aware that the draft had arrived, and the filing escaped my notice when I returned on April 12;"[3]

    4)    "I could not have filed the statement remotely from Brownwood, because I did not then have permission to file through the ECF system in the Bankruptcy Court;"[4]

    5)    "I am not a bankruptcy lawyer and have appeared only very rarely in Bankruptcy Court in a few adversary proceedings;"[5] and

    6)    "my filing a day late was the result of confusion and circumstances."

Motion to Reconsider and Exhibit "A" attached thereto [Docket #38].

9.    Other allegations appear in the Motion to Reconsider, but they are not apparently part of the claim of excusable neglect, such as that the Court was incorrect on the law[6] or that the underlying Motion to Strike was procedurally defective.[7] The Motion is not a true "Motion to Reconsider" under Fed. R. Civ. P. 59 and Fed. R. Bankr. P. 9023.

10.    The Court correctly granted the Motion to Strike. The facts alleged do not constitute excusable neglect. Defendants do not read the Motion for Reconsideration as seeking

---

[3] Declaration of F. Eric Fryar attached as Exhibit "A" to the Motion to Reconsider, p. 3.

[4] *Id.*

[5] *Id.*

[6] The Motion to Reconsider challenges the cases cited by Defendants in support of their Motion to Strike. Yet, it is an uncontested proposition of law that the Court has authority to grant unopposed motions or strike untimely pleadings. The Court was legally permitted to strike the untimely Rule 9027(e) statement.

[7] The Motion to Reconsider alleges a failure of Defendants' counsel to confer before filing its Motion to Strike. This issue was never raised by Plaintiffs' counsel in conference on the Motion for Reconsideration. More importantly, a duty to confer in Bankruptcy Court is a professionalism issue more than a procedural wrong. A debtor could not confer, for instance, before filing a motion to sell, or a motion to extend exclusivity that would be served on 3000 creditors. In cases of a motion to strike, or a motion for summary judgment, absolute opposition is presumed. In discovery matters, on the other hand, a conference is absolutely required by the Rules.

to reverse the Court's decision for any *legal* or *factual* error. If such error were present, it would require a Rule 59 motion.

## LEGAL STANDARD

11.     The Fifth Circuit has set a very high standard for "mistake" to vacate an order under Rule 60(b), requiring excusable neglect other than a misunderstanding about procedural rules or computation of days. See, e.g., *Pettle v. Bickham (In re Pettle)*, 410 F.3d 189, 192-193 (5th Cir. 2005) (plaintiff's lack of understanding of effects of Bankruptcy Law, do not constitute excusable neglect); *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) ("Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief").

12.     Generally, ignorance of the law or inattention to a response date is not excusable neglect. See, e.g., *Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 402-405 (8th Cir. 2000) (failure to follow clear dictates of statute that required filing of motion within 20 days did not constitute excusable neglect); *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463-464 (8th Cir. 2000) (garden-variety attorney inattention in miscounting number of days to file appeal is not excusable neglect and inadvertence, ignorance of rules, or mistakes construing rules do not usually constitute excusable neglect).

## OBJECTION TO THE MOTION TO RECONSIDER

13.     The Motion for Reconsideration does not meet the legal standard for excusable neglect. Also, it contains inaccurate statements of the law that require an objection. The prejudice to Plaintiffs is slight as they have little or no chance of demonstrating a lack of core jurisdiction to enforce confirmation orders.

14.     First, Plaintiffs were to have filed a 9027(e) statement no later than April 9, 2010. Plaintiffs did not have an extra three days to respond under Fed. R. Bankr. P. 9006(f), because service by mail does not extend <u>filing</u> deadlines. C.f., Fed. R. Bankr. P. 8002. Bankruptcy Rule 9006(f) extends time to respond if the response is required "within a prescribed period after service". *Id*. Bankruptcy Rule 9027, like Rule 8002, has no response date based on service. Indeed, service date is irrelevant to the computation of the deadline. Thus, the pleading was not one day late, but four.

15.     Second, the Motion for Reconsideration presumes that the relief would not be futile and that there is some prejudice to Plaintiffs. But Plaintiffs are wrong on the underlying law: they assert that this Court lacks *any* jurisdiction, that the matter is neither "core" nor "related-to" a bankruptcy, and that the matter must be raised exclusively before a state court.[8] This Court, in evaluating the prejudice raised by Plaintiffs, should note that their objections to core jurisdiction are unlikely to succeed. The Court may read the Complaint, which alleges fraud on the Bankruptcy Court on its face,[9] an *ipso facto* bankruptcy "core" matter. See 11 U.S.C. § 1144. As an example of the Court's analysis, consider that a court would not set aside a default judgment when no defenses exist because there is no prejudice to the default judgment. Here, there is little question that the Court maintains core jurisdiction to enforce its own orders and thus there is no prejudice to the Plaintiffs in striking the Rule 9027(e) statement. *Citizens Bank & Trust Co. v. Case (In re Case)*, 937 F.2d 1014, 1020 (5th Cir. 1991); *Insurance Co. of N. Am. v. NGC Settlement Trust & Asbestos Claims Mgmt. Corp. (In re Nat'l Gypsum Co.)*, 118 F.3d 1056, 1062-64 (5th Cir. 1997).

---

[8]     *See* Motion to Remand, Docket #14.

[9]     Complaint, pp. 57-63.

16. Third, Mr. Fryar subjectively believed the issue had been dealt with at the hearing, but he was not present at the hearing. One of the last words from Mr. Mitchell[10] to Defendants' counsel on the day of the preliminary hearing (after the hearing concluded) was to the effect that the Motion to Strike should be withdrawn. At least one of Plaintiffs' counsel must have believed that the matter had not been disposed of at the hearing. Mr. Fryar's statement is only his and does not address what other counsel, such as Mr. Goldman, knew or believed about the necessity of a response. Mr. Fryar acknowledges that he is not a bankruptcy lawyer, and that weighs against any excusable neglect.

17. Plaintiffs' belief that the matter had been dealt with was not reasonable in light of the decision that the Court made at the hearing—to wit, the deadlines for responses to all motions would remain in place and that an extension of the response deadline for the Motion for Summary Judgment would not be proper.

WHEREFORE, for the reasons detailed herein, Defendants pray that the Court deny Plaintiffs' Motion to Reconsider and grant such other and further relief as is just and proper.

---

[10] Mr. Mitchell stated that he only represents Draco Capital, but may have since expanded his representation to all Plaintiffs. Draco Capital did not file an objection to the Motion to Strike.

DATED: May 18, 2010.

        Respectfully submitted,

        MCKOOL SMITH P.C.

By:   */s/ Hugh M. Ray, III*
      HUGH M. RAY, III
      State Bar No. 24004246
      ROBERT M. MANLEY
      State Bar No. 00787955
      600 Travis, Suite 7000
      Houston, Texas 77002
      Telephone: (713) 485-7300
      Facsimile: (713) 485-7344

**ATTORNEYS FOR ALL DEFENDANTS
(EXCEPT WILSON VUKELICH, LLP)**

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the above and foregoing were forwarded on this 18th day of May, 2010, via the ECF system to all parties on the ECF service list and by U.S. first class mail, postage prepaid, to all counsel noted below:

Plaintiffs' Counsel:
Eric Fryar
The Fryar Law Firm
1001 Texas Ave, Ste 1400
Houston, TX 77002-3194

Samuel Goldman
Samuel Goldman & Assoc.
100 Park Ave 20th FL
New York, NY 10017

Harold B. Obstfeld
Harold B. Obstfeld, P.C.
100 Park Ave 20th FL
New York, NY 10017

Wilson Vukelich, LLP:
David R. Jones
Elizabeth Freeman
Porter & Hedges, LLP
1000 Main Street, 36th FL
Houston, TX 77002
*(Subject to special appearance)*

      */s/ Hugh M. Ray, III*
      HUGH M. RAY, III

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION TO RECONSIDER**

Dallas 301848v3         8