## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SKYPORT GLOBAL | § | CASE NO. 08-36737-H4-11 |
| COMMUNICATIONS, INC., | § | (Chapter 11) |
|    Debtor | § | |
| | § | |

---

| | | |
|---|---|---|
| JOANNE SCHERMERHORN, JOHN K. WAYMIRE, CHET GUTOWSKY, JOHN LLEWELLYN, JOSEPH A. LOPEZ, ROBERT FOOTE, BLF PARTNERS, LTD., ECAL PARTNERS, LTD., WHIZKID  VENTURE, LLC, BELLA KRIEGER, MARTIN POLLAK, GLOSTER HOLDINGS, LLC, MELVYN REISER, BARRY KLEIN, CHESKEL KAHAN, JOHN A. REES, BRIAN W. HARLE, MICHAEL STEIN, LAWRENCE SOLOMON, TRACY ELSTEIN & DAVID TOGUT, JASON CHARLES TOGUT TRUST, BMT GRANTOR TRUST, LYNN JOYCE ELSTEIN TRUST, CHARLES STACK, JOSEPH BAKER, MOVADA, LTD., PUDDY, LTD., DRACO CAPITAL, INC., EDWARD PASCAL, ROBERT MENDEL, STANLEY BERAZNIK, DON DUI, BEN ARIANO, 3791068 CANADA, INC., PETER TAYLOR, JOHN E. PANNETON, WAYNE C. FOX, DAVID CURRIE, BYRON MESSIER, DARSHAN KHURANA, MATEO NOVELLI, DIYA AL-SARRAJ, SEQUOIA AGGREESSIVE GROWTH FUND, LTD., SEQUOIA DIVERSIFIED GROWTH FUND, LTD., RIG III FUND, LTD., ARAN ASSET MANAGEMENT SA, SEMPER GESTION SA, and EOSPHOROS ASSET MANAGEMENT, INC. | § § § § § § § § § § § § § § § § § § § § § | |
|    Plaintiffs | § | |
| vs. | § | ADVERSARY NO. 10-3150 |
| CENTURYTEL, INC. (a/k/a CENTURYLINK), CLARENCE MARSHALL, R. STEWART EWING, JR., MICHAEL E. MASLOWSKI, HARVEY P. PERRY, ROBERT KUBBERNUS, BALATON GROUP, INC., BANKTON FINANCIAL CORPORATION, BANKTON FINANCIAL CORPORATION, LLC, CLEARSKY MANAGEMENT, INC., WILSON VUKELICH, LLP and CLEARSKY INVESTMENTS, LP | § § § § § § § § | JURY TRIAL DEMANDED |
|    Defendants | § | |

## PLAINTIFFS' MOTION TO DISQUALIFY
### HUGH M. RAY III AND MCKOOL SMITH, P.C.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.
REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.
*************************************************************************************

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

Now comes above-captioned Plaintiffs,[1] by and through their undersigned attorneys, and hereby file this, their Motion to Disqualify Hugh M. Ray III, and the law firm that employs him, McKool Smith, P.C., from representing Defendants CenturyTel, Inc. ("CenturyTel"), Clarence Marshall, R. Stewart Ewing, Jr., Michael E. Maslowski, Harvey P. Perry, Robert Kubbernus ("Kubbernus"), Balaton Group, Inc. ("Balaton"), Bankton Financial Corporation ("Bankton"), Bankton Financial Corporation, LLC ("Bankton LLC"), and Clearsky Management, Inc. ("ClearSky Management") (collectively, "Removing Defendants"), in this Adversary Proceeding because his and his law firm's representation of Removing Defendants constitutes an impermissible and unwaivable conflict of interest.  The grounds for this motion are as follows:

---

[1]  Movants of this Motion are Joanne Schermerhorn, John K. Waymire, Chet Gutowsky, John Llewellyn, Joseph A. Lopez, Robert Foote, BLF Partners Ltd., ECAL Partners, Ltd., Whizkid Venture, LLC, Bella Krieger, Martin Pollack, George Metcalf, Gloster Holdings, LLC, Melvyn Reiser, Barry Klein, Cheskel Kahan, John A. Rees, Brian W. Harle, Michael Stein, Lawrence Solomon, Tracy Elstein & David Togut, Jason Charles Togut Trust, BMT Grantor Trust, Lynn Joyce Elstein Trust, Charles Stack, Joseph Baker, Movada, Ltd, Puddy, Ltd, Draco Capital, Inc., Edward Pascal, Robert Mendel, Stanley Beraznik, Don Bui, Ben Ariano, 3791068 Canada, Inc., Peter Taylor, John E. Panneton, Wayne C. Fox, David Currie, Byron Messier, Darshan Khurana, Mateo Novelli, Diya Al-Sarraj, Sequoia Aggressive Growth Fund, Ltd., Sequoia Diversified Growth Fund, Rig III Fund, Ltd., Aran Asset Management SA, Semper Gestion SA and Eosphoros Asset Management, Inc.

## INTRODUCTION

### A.  Background Facts

1.      SkyPort Global Communications, Inc. ("SkyPort" or the "Debtor") filed a voluntary petition under Chapter 11, Case No. 08-36737, on October 24, 2008.

2.      On August 4, 2009, SkyPort confirmed a plan of reorganization (the "Plan") in which SkyPort's parent corporation, SkyComm Technologies, Inc. ("SkyComm") was merged into SkyPort and all of the shareholders in SkyComm lost their equity interests.  The Plan contained releases by the Debtor of certain claims against the Debtor's insiders, Kubbernus and Balaton.[2]

3.      Hugh M. Ray III ("Ray") and Edward Rothberg, both then associated with the law firm of  Weycer, Kaplan, Pulaski & Zuber, P.C., represented the Debtor throughout the Chapter 11 proceeding.

4.      In September 2009, the Debtor commenced an adversary proceeding against Advanced Project International, Inc., No. 09-03373 (the "API Adversary Proceeding").  Ray acted as counsel for the Debtor.

5.      On or around October 1, 2009, Ray joined the law firm of McKool Smith, P.C. ("McKool Smith").  Ray and his new firm, McKool Smith, continued to represent the Debtor in the API Adversary Proceeding.

6.      On February 12, 2010, Plaintiffs commenced an action in the District Court of Harris County, Texas, alleging shareholder oppression and fraud claims against Kubbernus, Balaton, CenturyTel, Inc. ("CenturyTel"), Wilson Vukelich and various entities and individuals associated with Kubbernus and CenturyTel (the "State Court Action").

---

[2]  Plan §13.7 defines "Insider Released Parties" as Kubbernus and Balaton.

7.      Ray and McCool Smith, while still representing the Debtor, assumed the representation of Removing Defendants in the State Court Action.  On March 29, 2010, they removed the State Court Action to this Court and moved to dismiss it on the grounds that all of the claims raised were derivative and released by the Debtor in the Plan.

8.      On April 8, 2010, the API Adversary Proceeding was dismissed and closed.  It is believed that as of such date Ray and McKool Smith ceased to represent the Debtor.

### B.  Removing Defendants

9.      The Insider Removing Defendants are Balaton and Kubbernus:

(a)      **Balaton,** an Ontario corporation, owned a majority of the shares of SkyComm and was also its largest unsecured creditor, according to the Debtor's schedules.  Under the Plan, SkyComm was merged into SkyPort, all of the shareholders in SkyComm lost their equity interests in SkyComm, and Balaton converted its unsecured obligation into substantially all of the post-confirmation equity in SkyComm.

(b)      **Kubbernus** owned (indirectly) all of the shares in Balaton, and served as Chairman of the Board of SkyPort and SkyComm prior to confirmation.  He is currently CEO of SkyPort.

10.      The non-Insider Removing Defendants are:

(a)      **CenturyTel**, a shareholder of the Debtor and one of its two largest secured creditors, according to the Debtor's schedules.

(b)      **Clarence Marshall, R. Stewart Ewing, Jr., Michael E. Maslowski, Harvey P. Perry,** who were all directors and/or officers of CenturyTel, and also served as directors of SkyComm from late 2003 through 2006.

4

(c)      **Bankton Financial Corporation, Bankton Financial Corporation, LLC and ClearSky Management Inc.**, which are all companies controlled by Kubbernus, and not released in the Plan.

## ARGUMENT

11.      Ray and McKool Smith have violated several provisions of the Texas Disciplinary Rules of Professional Conduct, ABA Model Rules and the Bankruptcy Act,[3] and must be disqualified from representing the Removing Defendants because the conflicts of interest in their representation of the Removing Defendants is not waivable.

*RAY'S AND MCKOOL SMITH'S CONDUCT VIOLATES TEXAS DISCIPLINARY RULE 1.06.*

12.      Texas Disciplinary Rule 1.06, is modeled after Model Rule 1.7 and states:

(a)      A lawyer shall not represent opposing parties to the same litigation.

(b)      In other situations and except to the extent permitted by paragraph (c), a lawyer shall not represent a person if the representation of that person:

(1) involves a substantially related matter in which that person's interests are materially and directly adverse to the interests of another client of the lawyer or the lawyer's firm; or

---

[3] The Court has inherent power to supervise the professional conduct of attorneys appearing before it. *See United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980). This power includes the authority to disqualify an attorney. *Id.* Motions to disqualify attorneys are substantive motions determined by standards developed under federal law. *See In re Dresser Indus., Inc.*, 972 F.2d 540, 543 (5th Cir.1992). Such motions are governed by the ethical rules announced by the state and national professions in light of the public interest and rights of the litigants. *See id.; In re American Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992). Accordingly, the ABA Model Rules of Professional Conduct ("Model Rules"), the ABA Model Code of Professional Conduct ("Model Code"), the Texas Disciplinary Rules of Professional Conduct ("Texas Disciplinary Rules"), and the Local Rules of this Court are all relevant to the Court's resolution of the Motion to Disqualify. *See American Airlines,* 972 F.2d at 610; *accord F.D.I.C. v. United States Fire Ins. Co.*, 50 F.3d 1304, 1311-12 (5th Cir.1995). In the Southern District of Texas, the Texas Disciplinary Rules provide the standard of conduct for attorneys, thereby eliminating the need to refer to a distinct set of local rules. *See* S.D. Tex. Local Rule 83.1(L), Appendix A Rule 1(A). Furthermore, as the ABA adopted the Model Rules in 1983 as a replacement for the Model Code, the Model Code arguably no longer represents the ethical rules of the national profession. *See F.D.I.C.*, 50 F.3d at 1309 n. 4. Accordingly, this Court should look principally to the Model Rules and the Texas Rules in addressing the question of disqualification. But whatever the source of the rules, the inquiry is the same: does a conflict manifest itself sufficient to prohibit representation. *In re Vanderbilt Associates, Ltd.*, 117 B.R. 678 (Bankr. D. Utah 1990).

5

(2) reasonably appears to be or become adversely limited by the lawyer's or law firm's responsibilities to another client or to a third person or by the lawyer's or laws firm's own interests.

(c)     A lawyer may represent a client in the circumstances described in (b) if:

(1) the lawyer reasonably believes the representation of each client will not be materially affected; and

(2) each affected or potentially affected client consents to such representation after full disclosure of the existence, nature, implications, and possible adverse consequences of the common representation and the advantages involved, if any.

13.     When Ray and McKool Smith undertook the representation of Removing Defendants, they were still representing the Debtor.  This dual representation continued until April 8, 2010.

14.     As demonstrated below, when Ray undertook the representation of the Removing Defendants, their interests were "materially and directly adverse to the interests of another client" of his,[4] -- namely, the Debtor.  Further, Ray could not have had a reasonable belief that the interests of the Debtor "would not be materially affected"[5] by his representation of Removing Defendants.

15.     In their papers, Removing Defendants argue that Plaintiffs are raising claims that belong exclusively to the Debtor, and that all of these claims have been released by the Debtor. This is directly adverse to the Debtor's interest in seeing to it that any claims that it has that were not released are vigorously pursued.  A conflict exists if an attorney must choose between advancing a client's interest and advancing other interests to the detriment of his clients' interest. *See, e.g., In re Kuykendahl Place Associates, Ltd.*, 112 B.R. 847 (Bankr. S.D. Tex. 1989).

---

[4] Texas Disciplinary Rule 1.06(b)(1).
[5] Texas Disciplinary Rule 1.06(b)(2).

16.     On behalf of the Removing Defendants, Ray and McKool Smith contend in their removal papers, that all of the Removing Defendants were released in the Plan.  On behalf of the Debtor, they should be arguing that all of them were not released.

17.     On behalf of the Debtor, they should be pointing out that CenturyTel and the other CenturyTel Defendants, as well as Bankton, Bankton LLC and ClearSky Management did not receive releases in the Plan.[6]  Yet, on behalf of Removing Defendants, they contend that all of these parties were released.[7]

18.     On behalf of the Debtor, they should be looking to assert claims against CenturyTel and the other CenturyTel Defendants, as well as Bankton, Bankton LLC and ClearSky Management -- claims which they assert belong to the Debtor.  Yet, on behalf of the CenturyTel Defendants, Bankton, Bankton LLC and ClearSky Management, they argue that all of the claims against them should be dismissed.

19.     Clearly, the positions they have taken in the removed State Court Action were "materially and directly adverse" to those of another client, the Debtor.

### *RAY'S AND McKOOL SMITH'S CONDUCT VIOLATES TEXAS DISCIPLINARY RULE 1.09.*

20.     The fact that Ray and McKool Smith may no longer represent the Debtor does not relieve them of the conflict; even if he had not represented the Debtor in the API Adversary proceeding, Ray and his firm would still have an unwaivable conflict.

21.     Texas Disciplinary Rule 1.09, which is substantially identical to Model Rule 1.9, provides:

> (a)     Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client:

---

[6] Plan ¶ 13.7.1.
[7] MTD ¶¶ 6-9.

. . .

   (3)  if it is the same or a substantially related matter.

22. Ray formerly represented the Debtor in the Bankruptcy case and is now representing other parties with interests adverse to the Debtor's in the same case.

<u>*RAY'S AND MCKOOL SMITH'S CONFLICT IS NOT WAIVABLE.*</u>

23. Although a Rule 1.09 conflict would ordinarily be waivable, it cannot be waived in the context of the representation of a Chapter 11 Debtor and parties whose interests are adverse to the Debtor and who are also in control of the Debtor.

24. As an attorney representing a debtor-in-possession, Ray was under a fiduciary duty to assure that the debtor-in-possession acted in the best interests of the estate, and not the insiders. *In re Gregory*, 214 B.R. 570, 576 (S.D. Tex 1997). His obligation is to maximize the value of the estate for those who have an interest in it, the creditors and shareholders.

25. As an attorney for the debtor-in-possession, he was under a duty to investigate potential frauds against the estate and he was empowered to sue officers, directors, and other insiders to recover, on behalf of the estate, fraudulent or preferential transfers of the debtor's property. 11 U.S.C. §§ 547-548. Thus, in a bankruptcy context, a conflict between representing the interests of the debtor-in-possession and the interests of parties that may have interests adverse to the debtor-in-possession are not waivable.

26. This is clearly the case with respect to potential conflicts between the interests of the debtor-in-possession and those of its officers and directors. Courts have long recognized the potential for conflicts of interest in debtor-in-possession representation between the interests of the debtor and the interests of its officers and directors, and that when such conflicts are not scrupulously resolved in favor of the debtor, the attorney must be disqualified. *See, e.g., In re*

*Kendavis Industries International, Inc.*, 91 B.R. 742, 757 (Bankr. N.D. Tex. 1988) (finding that attorneys for debtor-in-possession were representing interests of debtors' principals to the detriment of estate and creditors); *Wiebold Stores, Inc. v. Schottenstein*, 131 B.R. 655, 661 (N.D. Ill. 1991) (finding conflict where attorney was assisting directors in connection with representation of corporations).

27.     Further, it is impermissible for an attorney who has represented the debtor-in-possession to then take up the representation of insiders on claims that conceivably could have been brought by the estate during the bankruptcy proceeding against them.  *In the matter of Howe Grain, Inc., v Bantz*, et al. 176 B.R. 515, 518 (Bankr. D. Neb. 1994).  The *Howe Grain* decision is particularly instructive regarding this type of conflict:

> Mr. Koehler previously represented the debtor-in-possession, Howe Grain, Inc., at the time the Chapter 11 bankruptcy was filed . . . .  As a result, Mr. Koehler became aware of potential claims of the corporation against the officers and directors but did not prosecute these claims.  Mr. Koehler is now representing the officers and directors in defense of this action, in which the trustee is alleging that the officers and directors breached fiduciary duties owed to the corporation.  I conclude that this situation creates an impermissible conflict of interest, and, consequently, Mr. Koehler should be disqualified. I conclude this is an obvious conflict of interest that cannot be waived, and that Mr. Koehler should never have undertaken to represent the defendants herein.  Not only does this conflict impair the judicial process, it is a disservice to Mr. Koehler's clients in this case, who must now obtain new counsel.

28.     The conflict in our case is illustrated by Ray and McKool Smith's position in his removal papers.  They contend that since the Debtor did not bring an action against the Removing Defendants while Ray was counsel to the Debtor, the Debtor cannot now sue them in the State Court Action on *res judicata* grounds; i.e., these claims could have been raised in the bankruptcy proceeding but were not and are therefore barred.[8]

---

[8]  Motion to Dismiss ¶¶ 59-61.

29.     As the *Howe Grain* court noted, this type of conflict "impairs the judicial process" and "cannot be waived."

30.     Further, as demonstrated in Plaintiffs' Reply in Support of their Motion to Remand or, Alternatively, to Abstain and for Sanctions, Defendants are arguing that all of Plaintiffs' claims are derivative and should be dismissed, when in fact, even if they were held to be derivative, almost none of them would properly be dismissible.  It would be in the Debtor's interest to pursue such claims which Defendants, represented by the Debtor's former counsel, argue should be dismissed.  This conflict cannot be waived by the Debtor who is now controlled by Kubbernus, because any recover could redound to the benefit of creditors.

### RAY'S AND MCKOOL SMITH'S CONDUCT VIOLATES § 327(a) OF THE BANKRUPTCY CODE.

31.     11 U.S.C. § 327(a) allows the employment of attorneys and other professional persons for the estate who "do not hold or represent an interest adverse to the estate, and that are disinterested persons…."  The requirements of 11 U.S.C. § 327 "serve the important policy of ensuring that all professionals appointed pursuant to [the section] tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities."  *Rome v. Braunstein*, 19 F.3d 54, 58 (1st Cir. 1994).  *See also Matter of Consolidated Bancshares, Inc.*, 785 F.2d 1249, 1256 (5th Cir. 1986).[9]  This language is applicable to attorneys for the debtor-in-possession.

32.     The duty to remain disinterested is continuing.  Section 328(c) provides a penalty for professional persons found to be under a conflict of interest:

---

[9] Section 327(c) provides that a professional will not be disqualified solely because of "such person's employment by or representation of a creditor," although upon objection by creditor or the United States Trustee, the court "shall" disapprove the employment if there is an "actual conflict of interest."

[T]he court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 or 1103 of this title if, at any time during such professional person's employment under section 327 or 1103 of this title, such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed.

33.     Here, Ray and McKool Smith assumed the representation of interests adverse to the estate.  Moreover, by representing the Removing Defendants, they have demonstrated a divided loyalty which casts a taint on the advice and assistance they rendered to the Debtor in furtherance of their fiduciary duties.

34.     In effect, they are now arguing that Ray's current clients, Kubbernus and Balaton, cannot be sued because Kubbernus, Balaton and Ray made the decision for the debtor-in-possession not to sue Kubbernus and Balaton.  Obviously, this taints the entire SkyPort bankruptcy case, since it suggests that nobody was actually looking out, in disinterested fashion, for the interests of the Debtor and its estate.

_RAY'S CONDUCT VIOLATES FED. R. BANKR. P. 2014._

35.     Under Federal Rule of Bankruptcy Procedure 2014(a), professional employed has a duty of disclosure of all facts bearing of eligibility for employment, and "case law has uniformly held that under Rule 2014(a), (1) full disclosure is a continuing responsibility, and (2) an attorney is under a duty to promptly notify of court if any potential for conflict arises."  *In re West Delta Oil Co., Inc.*, 432 F.3d 347, 355 (5th Cir. 2005).

36.     A failure to disclose constitutes an independent basis for disqualification.  *In re Diamond Mortgage Corp.*, 135 B.R. 78 (Bankr. N.D. Ill. 1996); *In re Kendavis Industries Intern., Inc.*, 91 B.R. 742, 748 (Bankr. N.D. Tex. 1988).

37.     Fed. R. Bankr. P. 2014 disclosure requirements are to be strictly construed. *Rome v. Braunstein*, 19 F.3d 54, 59 (1st Cir. 1994).  All facts that may have any bearing on the disinterestedness of a professional must be disclosed.  It is the responsibility of the professional, not of the court, to ensure that all relevant connections have been brought to light. *See, e.g., Rome v. Braunstein*, 19 F. 3d at 58-60; *In re Glenn Elec. Sales*, 99 B.R. 596, 599 (D.N.J. 1988); *Diamond Lumber, Inc. v. Unsecured Creditors' Committee*, 88 B.R. 773, 776 (N.D. Tex. 1988); *In re Office Products of America, Inc.*, 136 B.R. 983 (Bankr. W.D. Tex. 1992).

38.     It is not up to counsel to determine whether a connection is relevant.  The Court is to review all connections and decide whether there are any disqualifying conflicts. *Halbert v. Yousif,* 225 B.R. 336, 351 (E.D. Mich. 1998); *In re Arlan's Dep't Stores, Inc.*, 615 F.2d 925, 933 (2d Cir. 1979) (decided under substantially similar predecessor to Fed. R. Bankr. P. 2014).

39.     The requirements of Section 327(a) are stricter than the standards applicable to attorneys outside of bankruptcy under the ABA Model Rules of Professional Conduct. *See, e.g., In re Federated Department Stores, Inc.*, 44 F. 3d 1310 (6th Cir. 1995); *In re McKinney Ranch Assocs.*, 62 B.R. 249, 254 (Bankr. C.D.Cal. 1986); *In re Hunt Int'l Resources Corp.*, 57 B.R. 371 (N.D. Tex. 1985) (strictness in bankruptcy context required to maintain the integrity of the bankruptcy process and to assure that counsel devote undivided loyalty to the client).

40.     Concepts of consent and waiver are often more difficult to apply in the context of an attorney that represents a debtor in possession, since the debtor is deemed to be acting as a fiduciary for the entire creditor body.  There is no provision in the Bankruptcy Code for a waiver of the requirements of Section 327(a) and a conflict that runs afoul of Section 327(a) generally cannot be waived by a debtor in possession or trustee, regardless of whether all parties consent. "[C]ertain conflicts that a client could waive after full disclosure outside of the bankruptcy

context, such as simultaneous representation of the client and the client's creditor, are prohibited

by the Bankruptcy Code itself from being waived."  *In re American Energy Trading Inc.*, 291

B.R. 154 (Bankr. W.D. Mo. 2003).

<u>RAY'S CONDUCT TAINTS HIS REPRESENTATION OF THE DEBTOR-IN-POSSESSION.</u>

41.     Ray's current representation of multiple parties with interests adverse to the

Debtor significantly taints Ray's representation of the debtor-in-possession in the bankruptcy

proceeding.  It suggests that Ray was not representing the interests of the debtor-in-possession in

a disinterested manner in the first place.  If one looks objectively at what occurred in the Chapter

11 Case, Ray's advocacy of the Chapter 11 Plan[10] clearly benefited his current clients.  Balaton

and Kubbernus were able to retain control of the Debtor and, in fact, increase their percentage

ownership interest in the Debtor.  CenturyTel, too, was able to emerge with a continuing secured

obligation of the Debtor.

42.     At the same time, Kubbernus and Balaton were able to secure for themselves

releases from the Debtor due entirely to Ray's decision not to pursue claims against them.

Furthermore, Ray is now seeking to extend the mantle of immunity he claims for them to non-

released parties, the CenturyTel Defendants, Bankton, Bankton LLC and ClearSky Management.

43.     Notably, the allegations in the State Court Action indicate that Kubbernus,

Balaton and CenturyTel acted fraudulently in the Bankruptcy case, and that the debtor-in-

possession, then represented by Ray, should have objected to the claims of Balaton and

CenturyTel, and should have pursued various actions against Kubbernus, Balaton and

CenturyTel, instead of advocating confirmation of a Plan that gave Kubbernus and Balaton

---

[10] This would include his objection to Draco's standing to object to the Plan and propose a plan more beneficial to
creditors in general.

control of the company, and which recognized CenturyTel's secured claim, which the State Court Petition alleges was not an obligation of the Debtor, but rather an obligation of Balaton to CenturyTel.

44.     Rather than seeking to at least investigate the factual basis for the assertions on the State Court Action of massive bankruptcy fraud, Ray has moved on behalf of Kubbernus, Balaton and CenturyTel to quash the State Court Petition, and bury the allegations of gross impropriety committed by them.  Similarly to counsel in *Howe Grain*, Ray failed to bring claims against creditors, insiders and officers/directors during his employ as counsel to the SkyPort estate, and then represents these very same creditors, insiders and officers/directors, defending them against claims he could have brought against them, by arguing that his failure to act immunized them from liability.

## <u>CONCLUSION</u>

Because Hugh M. Ray, III and McKool Smith must be disqualified from representing the Removing Defendants based upon their impermissible and unwaivable conflicts of interest.

Dated: May 24, 2010

By: */s/ W. Steve Smith*
    W. Steve Smith
    SBN 18700000
    McFall, Breitbeil & Shults, P.C.
    1250 Four Houston Center
    1331 Lamar Street
    Houston, Texas 77010
    Tel.       713-590-3027
    Fax.      713-590-9399
    Email: ssmith@mcfall-law.com

By: */s/ Eric Fryar*
    Eric Fryar
    SBN 07495770
    The Fryar Law Firm
    1001 Texas Ave. Ste 1400
    Houston, Texas 77002-3194
    Tel.       888-481-9995
                281-715-6396
    Main Fax:  281-715-6397
    Direct Fax: 281-605-1888
    Email: efryar@fryarlawfirm.com

By: */s/ Samuel Goldman*
    Samuel Goldman
    Samuel Goldman & Associates
    100 Park Ave; 20th Floor
    New York, New York 10017
    Tel.       212-725-1400
    Fax.      212-725-0805
    Email: sg@sgalaw.com

By: */s/ Harold B. Obstfeld*
    Harold B. Obstfeld
    Harold B. Obstfeld, P.C.
    100 Park Ave; 20th Floor
    New York, New York 10017
    Tel.       212-696-1212
    Fax.      212-867-7360
    Email: hobsd@erols.com

    ATTORNEYS FOR PLAINTIFFS

15

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document is being served on the 24<u>th</u> day of May, 2010, on all of the following parties via regular first class mail, postage prepaid. Those ECF users registered in this case will receive electronic notice on May 24, 2010.

Office of U.S. Trustee
515 Rusk Ave., Ste. 3516
Houston, TX 77002

Harold B. Obstfeld
Harold B. Obstfeld, P.C.
100 Park Ave., 20th Fl.
New York, NY 10017

Edward L. Rothberg
Hoover Slovacek, L.P.
5847 San Felipe, Ste. 2200
Houston, TX 77057

Eric Fryar
The Fryar Law Firm
1001 Texas Ave., Suite 1400
Houston, TX 77002

Wilson Vukelich, LLP
Valleywood Corporate Centre
60 Columbia Way, Suite 710
Markham, Ontario
L3R 0C9
CANADA

Robert M. Manley
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

Samuel Goldman
Samuel Goldman & Assoc.
100 Park Ave., 20th Fl.
New York, NY 10017

Hugh M. Ray, III
McKool Smith, P.C.
600 Travis, Suite 7000
Houston, TX 77002

*/s/ W. Steve Smith*
W. Steve Smith

16