IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| SKYPORT GLOBAL COMMUNICATIONS, INC., Debtor | § § § § § | CASE NO. 08-36737-H4-11 (Chapter 11) |

| | | |
|---|---|---|
| JOANNE SCHERMERHORN, JOHN K. WAYMIRE, CHET GUTOWSKY, JOHN LLEWELLYN, JOSEPH A. LOPEZ, ROBERT FOOTE, BLF PARTNERS, LTD., ECAL PARTNERS, LTD., WHIZKID VENTURE, LLC, BELLA KRIEGER, MARTIN POLLAK, GLOSTER HOLDINGS, LLC, MELVYN REISER, BARRY KLEIN, CHESKEL KAHAN, JOHN A. REES, BRIAN W. HARLE, MICHAEL STEIN, LAWRENCE SOLOMON, TRACY ELSTEIN & DAVID TOGUT, JASON CHARLES TOGUT TRUST, BMT GRANTOR TRUST, LYNN JOYCE ELSTEIN TRUST, CHARLES STACK, JOSEPH BAKER, MOVADA, LTD., PUDDY, LTD., DRACO CAPITAL, INC., EDWARD PASCAL, ROBERT MENDEL, STANLEY BERAZNIK, DON DUI, BEN ARIANO, 3791068 CANADA, INC., PETER TAYLOR, JOHN E. PANNETON, WAYNE C. FOX, DAVID CURRIE, BYRON MESSIER, DARSHAN KHURANA, MATEO NOVELLI, DIYA AL-SARRAJ, SEQUOIA AGGREESSIVE GROWTH FUND, LTD., SEQUOIA DIVERSIFIED GROWTH FUND, LTD., RIG III FUND, LTD., ARAN ASSET MANAGEMENT SA, SEMPER GESTION SA, and EOSPHOROS ASSET MANAGEMENT, INC. Plaintiffs | § § § § § § § § § § § § § § § § § § | |
| vs. | § | ADVERSARY NO. 10-3150 |
| CENTURYTEL, INC. (a/k/a CENTURYLINK), CLARENCE MARSHALL, R. STEWART EWING, JR., MICHAEL E. MASLOWSKI, HARVEY P. PERRY, ROBERT KUBBERNUS, BALATON GROUP, INC., BANKTON FINANCIAL CORPORATION, BANKTON FINANCIAL CORPORATION, LLC, CLEARSKY MANAGEMENT, INC., WILSON VUKELICH, LLP and CLEARSKY INVESTMENTS, LP Defendants | § § § § § § § § § § | JURY TRIAL DEMANDED |

**PLAINTIFFS' MEMORANDUM ON DIRECT CLAIMS**

1

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

The above-captioned Plaintiffs[1] hereby this brief memorandum of law regarding the direct claims. This memo is an effort to address the issues raised by the Defendants in response to the Court's rulings on May 27, 2010. Defendants continue to maintain, without any expressed rationale or legal authority, that claims such as shareholder oppression and securities fraud are derivative claims. The parties have exchanged correspondence and have conferred but are unable to come to an agreement on the nature of the claims.

Plaintiffs have already submitted extensive briefing on this issue in support of the motion to remand and in response to the various defense motions. Those authorities are incorporated and will not be repeated. Plaintiffs respectfully submit this brief overview in an effort to assist the Court.

## I. OVERVIEW ON NATURE OF DIRECT AND DERIVATIVE CLAIMS

The Court has indicated that it would dismiss with prejudice all derivative claims alleged in the Original Petition. Plaintiffs submit that a more accurate way to state the issue is that the Court will dismiss with prejudice all claims in which none of the Plaintiffs have an individual interest. A derivative claim is a procedural device whereby a shareholder may assert a substantive claim that belongs to the corporation—a claim that the shareholder has no right to bring for his own benefit. Shareholders lose the derivative claim procedure the moment a

---

[1] Joanne Schermerhorn, John K. Waymire, Chet Gutowsky, John Llewellyn, Joseph A. Lopez, Robert Foote, BLF Partners Ltd., ECAL Partners, Ltd., Whizkid Venture, LLC, Bella Krieger, Martin Pollack, George Metcalf, Gloster Holdings, LLC, Melvyn Reiser, Barry Klein, Cheskel Kahan, John A. Rees, Brian W. Harle, Michael Stein, Lawrence Solomon, Tracy Elstein & David Togut, Jason Charles Togut Trust, BMT Grantor Trust, Lynn Joyce Elstein Trust, Charles Stack, Joseph Baker, Movada, Ltd, Puddy, Ltd, Draco Capital, Inc., Edward Pascal, Robert Mendel, Stanley Beraznik, Don Bui, Ben Ariano, 3791068 Canada, Inc., Peter Taylor, John E. Panneton, Wayne C. Fox, David Currie, Byron Messier, Darshan Khurana, Mateo Novelli, Diya Al-Sarraj, Sequoia Aggressive Growth Fund, Ltd., Sequoia Diversified Growth Fund, Rig III Fund, Ltd., Aran Asset Management SA, Semper Gestion SA and Eosphoros Asset Management, Inc.

bankruptcy petition is filed, and the corporation's claims become the property of the estate. In this case, not only did the shareholders lose the ability to assert the Debtor's claims derivatively with the filing of the bankruptcy, these claims were subsequently extinguished by the Confirmation Order. As a result, Plaintiffs explicitly stated that the claims they sought to assert were not derivative claims and relied solely on duties owed to themselves as individuals. (Original Petition ¶80). Therefore, Plaintiffs did not and could not have asserted derivative claims; however, it is possible that Plaintiffs asserted certain causes of action that failed to state a claim for which relief may be granted. Therefore, this Court will need to determine whether any of the Plaintiffs are owed an individual duty by any of the Defendants on the various claims, and if so, these Plaintiffs are entitled to assert relief for violation of those claims.

## II.   INDIVIDUAL CLAIMS UNDER DELAWARE LAW

Delaware law clearly holds that directors and controlling shareholders owe fiduciary duties to the corporation, on the one hand, and independently to the minority shareholders, on the other hand. *See, e.g., Revlon, Inc. v. MacAndrews Forbes Holdings, Inc.*, 506 A.2d 173, 179 (Del. 1986). It is for this reason that (unlike Texas), individual claims for shareholder oppression are called breach of fiduciary duty and are analyzed under Delaware's "entire fairness" test. *Nixon v. Blackwell*, 626 A.2d 1366, 1381 (Del. 1993). In distinguishing between breach of fiduciary duty claims based on duties owed to individual shareholders, as opposed to duties owed solely to the corporation, Delaware law looks at (1) who suffered the injury and (2) who would benefit from the recovery. *Tooley v. Donaldson*, 845 A.2d 1031, 1033 (Del. Supr. 2004). The Delaware Supreme Court held that this two-part test is the only consideration to determine whether a claim is direct or derivative. *Id*. at 1035 The court opined that previous jurisprudence in this area was confusing because of the "special injury" test. *Id*. Before *Tooley*, a plaintiff had

3

to prove he had suffered a separate and distinct injury from other shareholders, or that his contractual shareholder rights had been violated. *Tooley* expressly disapproved the "special injury" concept and the concept that claims must be derivative if all stockholders are equally affected. *Id*. at 1039. The *In re Dexterity Surgical, Inc*., 365 B.R. 690, 698 (Bkrtcy. S.D. Tex., 2007), on which the Defendants place such emphasis utilizes the pre-*Tooley* "special injury" test.

The application of the *Tooley* test was demonstrated in *Gentile v. Rossette*, 906 A.2d 91 (Del. 2007). The Delaware Supreme Court held that individual shareholders had a direct breach of fiduciary duty claim against the controlling shareholder arising from a merger and reorganization in which the controlling shareholder obtained shares of the corporation in exchange for unfair consideration, resulting in "an improper transfer--or expropriation--of economic value and voting power from the public shareholders to the majority or controlling stockholder." Id. at 100 In such a case:

> the public shareholders are harmed, uniquely and individually, to the same extent that the controlling shareholder is (correspondingly) benefited. In such circumstances, the public shareholders are entitled to recover the value represented by that overpayment--an entitlement that may be claimed by the public shareholders directly and without regard to any claim the corporation may have. Id.

The court stated that because the original corporation no longer existed, the only remedy available to the minority shareholders was damages equal to the fair value of the shares the controlling shareholder had received in the transaction in excess of the consideration he had paid—precisely the situation in this case. Id. at 103.

### III. SHAREHOLDER OPPRESSION IS AN INDIVIDUAL CLAIM

Shareholder oppression is a species of breach of fiduciary duties that is unequivocally a claim belonging to the individual shareholder under Delaware law. No case in American jurisprudence has ever suggested that oppression is a claim that can only be asserted derivatively.

In *Minor v. Albright*, 2001 WL 1516729 (N.D. Ill. 2001), the court applied Delaware law as to both derivative claims and shareholder oppression claims brought by a shareholder. Not only did the court recognize the Delaware cause of action for oppression, but the court distinguished the oppression claims as individual claims from the derivative claims in its analysis of a motion to dismiss for failure to state a claim. Furthermore, the court specifically held that the plaintiff's claims for waste and misappropriation of corporate assets could be asserted independently by the plaintiff BOTH derivatively on behalf of the corporation AND individually as part of the proof of a scheme to freeze out the minority shareholders.

IV.     **ANALYSIS OF PLAINTIFFS' CLAIMS**

Attached as Chart A is an analysis of Plaintiffs' claims that has previously been submitted to this Court.

To Recap:

Counts One and Five constitute strictly individual claims for shareholder oppression involving solely pre-petition activity by Centurytel and its agents. Plaintiffs agree that the remedies should be limited to monetary relief against the Centurytel defendants.

Counts Two and Six constitute strictly individual claims for shareholder oppression against Kubbernus and his agents and co-conspirators. Plaintiffs propose to limit the scope of the claim to pre-petition misconduct and to limit the remedies to monetary relief against the Kubbernus defendants based solely on violations of duties owed directly to the Plaintiffs.

Counts Three, Four, Eight, Fourteen, Fifteen are limited to fraud and other torts and breach of contract involving the Clear Sky investors. All parties agree that

these claims were explicitly carved out in the Confirmation Order.

Counts Seven, Nine, Ten, and Eleven assert only individual fraud and misrepresentation claims based on prepetition misrepresentations and transactions.

Counts Twelve and Thirteen assert bases for joint and several liability on the foregoing individual claims.

Plaintiffs also attach a draft amended petition for purposes of illustrating the changes that Plaintiffs propose to make in the pleadings to remove any argument that derivative claims are being asserted.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiffs request that the Court determine that all counts are individual claims that Plaintiffs have the right to pursue, provided that such claims may not assert any rights not belonging to the individual plaintiffs or seek any remedies based on post-petition conduct or against the debtor or involving non-monetary relief.

Dated: June 22, 2010

                                                  Respectfully submitted,

                                                  __/s/ Eric Fryar_____
                                                  Fryar Law Firm PC
                                                  Eric Fryar
                                                  SBN 07495770
                                                  1001 Texas Ave. Ste 1400
                                                  Houston, Texas 77002-3194
                                                  Tel.         888-481-9995
                                                                     281-715-6396
                                                  Main Fax:  281-715-6397
                                                  Direct Fax: 281-605-1888
                                                  Email: efryar@fryarlawfirm.com

W. Steve Smith
SBN
McFall, Breit Beil & Shults, P.C.
1250 Four Houston Center
1331 Lamar Street
Houston, Texas 77010
Tel.        713-590-3027
Tel.        713-590-9399
Email: ssmith@mcfall-law.com

Samuel Goldman
Samuel Goldman & Associates
100 Park Ave; 20th Floor
New York, New York 10017
Tel.        212-725-1400
Fax.       212-725-0805
Email: sg@sgalaw.com

Harold B. Obstfeld
Harold B. Obstfeld, P.C.
100 Park Ave; 20th Floor
New York, New York 10017
Tel.        212-696-1212
Fax.       212-867-7360
Email: hobsd@erols.com

ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I certify that all parties have been served by CM/ECF.

/s/ Eric Fryar