P a g e | 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| SKYPORT GLOBAL COMMUNICATIONS, INC., Debtor | § § § § | CASE NO. 08-36737-H4-11 (Chapter 11) |
| JOANNE SCHERMERHORN, JOHN K. WAYMIRE, ET AL., PLAINTIFFS | § § § § | |
| VS. | § § | ADVERSARY NO. 10-03150 |
| CENTURYTEL, INC. (A/K/A CENTURYLINK), CLARENCE MARSHALL, ET AL, DEFENDANTS | § § § | |
| | § | |
| SKYPORT GLOBAL COMMUNICATIONS, INC., ET. AL PLANITIFFS | § § § § | ADVERSARY NO. 10-03225 |
| VS. | § § § | |
| JOANNE SCHERMERHORN, ET. AL. DEFENDANTS | § § | (CONSOLIDATED UNDER ADVERSARY NO. 10-03150) |

**SKYPORT GLOBAL COMMUNICTIONS, INC.'S**
<u>**MOTION FOR ADDITIONAL SANCTIONS**</u>

***********************************************************************************
THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.
***********************************************************************************

Plaintiff, Skyport Global Communications, Inc. ("Skyport") hereby moves this Court for an order awarding additional sanctions[1] against the Schermerhorn Group[2] and their counsel. The grounds for this Motion are as follows:

### FACTUAL BACKGROUND

1. This Court entered a confirmation order (the "Confirmation Order"), after notice to all affected parties (including the Schermerhorn Group) that merged SkyComm (the parent company) into the Debtor, Skyport Global Communications, Inc. (the wholly owned subsidiary of SkyComm), which then became the Reorganized Debtor. The Plan then cancelled the SkyComm pre-petition shares,[3] and issued new shares to Balaton. The Plan also released Balaton and Kubbernus from alleged claims arising post-petition out of the Chapter 11 process as well as all derivative claims (the "Plan Injunction").[4]

2. The Confirmation Order was not appealed, and the Plan was consummated. Money was disbursed, and the Reorganized Debtor has been operating under the Plan for nearly a year. The Court has not been asked to vacate the Confirmation Order. Indeed, nothing challenging the releases or confirmation has been raised to this Court.

3. However, on or about February 12, 2010, the Schermerhorn Group (former shareholders of SkyComm who had notice of the bankruptcy) sued Balaton, Kubbernus, and other related parties in a 111-page derivative petition (the "Petition"). No advance notice was given of the Petition and no demand letter was sent.

---

[1] Subject to determination of the proper amount, the Court has already awarded attorneys' fees and expenses.
[2] The Schermerhorn Group are the 49 named Plaintiffs in Adversary No. 10-03150 which are the same named Defendants in Adversary No. 10-03225.
[3] Plan at 6.3, Final Disclosure Statement [docket #264] at p. 21: "Because the Holders of Interests (after Merger with SkyComm) receive nothing on account of its interests, they are deemed to reject the plan and not entitled to vote."; Confirmation Order [docket #340] at p. 10: "Specifically, the merger of SkyComm into Skyport is approved such that Skyport will be the surviving entity."
[4] Plan at 13.7 and 13.8.

4. In their Petition, the Schermerhorn Group alleged the following causes of action against Balaton and Kubbernus:

    (a)    Claim for appointment provisional director, trustee, managing agent, fiscal agent or other court appointed fiduciary for the Reorganized Debtor;

    (b)    Claim for breach of fiduciary duty;

    (c)    Claim against for unjust enrichment;

    (d)    Claim against for aiding and abetting a breach of fiduciary duty;

    (e)    Claim for fraud through active concealment of material facts;

    (f)    Claim for fraud through silence in the face of a duty to disclose;

    (g)    Claim for wrongful equity dilution; and

    (h)    Claim for an accounting.

5. On March 26, 2010, the state court Petition was removed to this Court by the defendants therein and assigned Adversary No. 10-03150.

6. On May 18, 2010, Skyport, Balaton and Kubbernus filed Adversary No. 10-03225, seeking a declaratory judgment that the lawsuit filed by the Schermerhorn Group violated the discharge injunction and other provisions contained in the Confirmation Order and requested injunctive relief.

7. Subsequently, both Adversary Proceedings were consolidated under Adversary No. 10-03150.

8. On May 27, 2010, the Court conducted a hearing on Skyport's request for a preliminary injunction and sanctions. At the conclusion of the hearing, the Court specifically found that the Schermerhorn Group violated the discharge injunction and other provisions contained in the Confirmation Order and subsequently entered a preliminary injunction (Doc. 85).

9. At the same hearing, the Court also granted sanctions and ordered Skyport to submit fee invoices relating to prosecution of the Application for Preliminary Injunction to Mr.

Smith by June 11, 2010. Copies of these fee invoices are attached as Exhibit A. The amount requested was $17,800, accrued through June 9, 2010.[5] The Court also ruled that Skyport could seek additional sanctions by filing an appropriate motion on or before June 30, 2010.

10. This is Skyport's motion for additional sanctions. By this motion, Skyport is seeking the following additional sanctions:

    (a)    Compensation for Time and Effort Spent by Skyport Personnel: $103,213

    (b)    Punitive Damages:    $233,300

11. The bases for these additional sanctions requests are discussed below.

## ARGUMENT

12. As state above, the Court has already determined that the Schermerhorn Group violated the discharge injunction and other provisions of the Confirmation Order, and that Skyport should be compensated for its reasonable attorneys' fees and expenses. The issue raised in this Motion is what other damages does the bankruptcy court have authority to award.

13. The basic authority for bankruptcy courts to award damages for violation of its orders (i.e. civil contempt) is found in 11 U.S.C. § 105(a). Section 105(a) states that "a court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." A civil contempt order which compensates a debtor for damages suffered as a result of a creditor's violation of the discharge injunction is both necessary and appropriate to carry out the provisions of the Bankruptcy Code. *In re McClure*, 420 B.R. 655, 663 (Bankr. N.D. Tex. 2009). In cases in which the discharge injunction was violated willfully, courts have awarded debtors three categories of damages: (1) actual damages, (2) punitive damages, and (3) attorney's fees. *Id.* This Court has already ruled that the Schermerhorn Group

---

[5] The Court should note that Skyport is liable for a portion of the fees incurred by McKool Smith. This motion does not cover any fees and such expenses. The damages sought in this Motion are purely in addition to those fees.

683337-1            P a g e | 4

willfully violated the Confirmation Order and that Skyport is entitled to attorneys' fees. Therefore, the balance of this Motion will discuss actual and punitive damages.

*Actual Damages*

14. In the *In re McClure* case, the court found that the McClures' themselves (as opposed to their attorneys) expended substantial time and effort in prosecuting a lawsuit against creditors. The court reasoned that without the willingness of aggrieved debtors to prosecute violations of the discharge injunction of § 524(a)(2), such violations would go unchecked by the court. *Id*. at 664. The court also found that one of the underlying purposes of the Bankruptcy Code is providing a fresh start to a discharged debtor. *Id*. The court reasoned that if violations of the discharge injunction go unpunished, creditors will lack the necessary incentive to avoid violating the law; and thus, an underlying purpose of the Code will be undermined. *Id*. Thus, the court found that in order to ensure that debtors are not hesitant to prosecute violations of the discharge injunction, they should be awarded actual damages to compensate them for the time and effort they expend in the process.

15. Various Skyport officers and employees spent 277.5 hours responding to the Petition filed by the Schermerhorn Group. Attached as Exhibit B is a spreadsheet summarizing the actual time spent by Skyport personnel. This time is then multiplied by the hourly rate such Skyport personnel actually bill third party clients for consulting services. Attached as Exhibit C is a copy the Skyport rate card identifying the rates charged by Skyport personnel to third parties. The total amount requested for these actual damages is $103,313. The Court should note that this 277.5 hours could have been spent rendering services to other clients and/or generating new business for Skyport. Thus, the foregoing constitutes real damage incurred by Skyport as a

direct result of the filing of the Petition this Court has already determined was in contempt of the Confirmation Order.

*Punitive Damages*

16. In *In re Mooney*, 340 B.R. 351, 359 (Bankr. E.D. Tex. 2006), the debtor asked for punitive damages for the violations of the discharge order and the court declared that such requests have often been granted in a discharge injunction context due to the willful and malicious nature of the defendant's behavior. *Id.* at 361. The court then ascertained that the behavior of the creditor under the circumstances of this case was both willful and malicious. *Id.*

17. In *Mooney*, the debtor requested punitive damages in excess of $500,000.00, an amount that was nearly 25 times the amount of actual damages sustained by the debtor in this case. Though the Court believed that an award of punitive damages was appropriate it determined that a bankruptcy court must be guided by the reasonableness principles expressed in *BMW of North America v. Gore* and the Fifth Circuit precedents arising in the wake of that decision. *Mooney*, 340 B.R. at 362. In *Gore*, the Supreme Court outlined three guideposts courts should consider in determining whether a punitive damages award is unconstitutionally excessive: (1) the degree of the defendant's reprehensibility or culpability; (2) the disparity between the harm or potential harm suffered by the victim and the punitive damages award; and (3) the sanctions authorized or imposed in other cases for comparable misconduct. *BMW of North America v. Gore*, 517 U.S. 559, 575 (1996). Thus, the Court found a punitive damage assessment in the amount of $40,000.00 or 2 times the amount of actual damages as an appropriate award of punitive damages under the evidence presented in the *Mooney* case. *Mooney*, 340 B.R. at 362.

18. Here, in addition to the actual damages incurred, Skyport is seriously considering changing its name and re-branding the entire company due to the stench created by the

allegations contained in the Petition filed by the Schermerhorn Group. Attached as Exhibit D is an analysis of the costs Skyport will incur if it is compelled to proceed in this manner. The amount is $233,300. Skyport is in the process of making a decision whether or not it needs to proceed. It has not yet incurred these costs so they are not actual damages. However, Skyport believes that this is a fair amount in punitive damages to assess against the Schermerhorn Group in relation to the reprehensibility of the their laying behind the log during the bankruptcy process and waiting to file the Petition until after confirmation thereby causing serious harm to Skyport. Essentially, the punitive damages requested are approximately two times the actual direct costs, which is precisely what the court awarded in *Mooney*.

19. Moreover, the Court should not be concerned at the size of the award being requested because there are 49 parties who can share in the cost and many of those parties are wealthy individuals and/or investment funds. If the Court granted the full amount of additional sanctions requested (i.e. $354,313), the cost to each member of the Schermerhorn Group would be only $7,231 each.[6] This is certainly not an unreasonable amount of additional damages to assess against parties who permitted themselves to be named in a Petition that was plainly in contempt of the Confirmation order they all received. Of course, the award should be joint and several in order to ensure enforcement.

20. In addition, since the members of the Schermerhorn Group are literally spread all over the world, the Court should require them to pay the costs incurred by Skyport in collecting the award if it is not paid within ten days of entry of the sanctions order.

WHEREFORE, Skyport prays that:

1. The Court award additional sanctions in the amount of $354,313, plus the costs of collecting this amount if not paid within ten days;

---

[6] Of course, this does not include the fees and expenses incurred by McKool Smith.

683337-1     P a g e | 7

P a g e | 8

2. The Court order that the award be joint and several;

3. The Court order that the Schermerhorn Group may not pursue any direct claims until such time as the sanctions awards are paid in full.

4. The Court grants such other and further relief as is just and proper.

DATED: May 17, 2010.

                        Respectfully submitted,

                        HOOVER SLOVACEK, L.P.

                        By:   */s/ Edward L. Rothberg*
                                EDWARD L. ROTHBERG
                                State Bar No. 17313990
                                MELISSA A. HASELDEN
                                State Bar No. 00794778
                                ANNIE E. CATMULL
                                State Bar No. 00794932
                                5847 San Felipe, Ste 2200
                                Houston, Texas 77057
                                Telephone: (713) 977-8686
                                Facsimile: (713) 977-5395

                                ATTORNEYS FOR PLAINTIFFS

683337-1                                                                                    P a g e | **8**

P a g e | 9

## CERTIFICATE OF SERVICE

      I hereby certify that true and correct copies of the above and foregoing were forwarded via DLR 5.1 and the ECF system and U.S. first class mail, postage prepaid, to Defendants' counsel at the addresses noted below on June 30, 2010:

Defendants' Counsel:
Eric Fryar
The Fryar Law Firm
1001 Texas Ave, Ste 1400
Houston, TX 77002-3194

Samuel Goldman
Samuel Goldman & Assoc.
100 Park Ave 20th FL
New York, NY 10017

Harold B. Obstfeld
Harold B. Obstfeld, P.C.
100 Park Ave 20th FL
New York, NY 10017

                                              */s/ Edward L. Rothberg*
                                              EDWARD L. ROTHBERG



P.O. Box 4547
Houston, Texas 77210
713-977-8686

June 9, 2010

Skyport Global Communications, Inc.  
11140 Aerospace Avenue  
Houston, TX 77034  

INVOICE #:      270748      ELR  
Billed through:  June 9, 2010  
Client/Matter #:  851020      00004  

**Terms: Net 10 Days Upon Receipt**

RE:  Schermerhorn, et al.

**PROFESSIONAL SERVICES RENDERED**

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 05/13/10 | ELR | Telephone conference with H. Ray and client to discuss filing new lawsuit. | 0.50 hrs | 375.00 /hr | 187.50 |
| 05/14/10 | ELR | Review draft complaint and application for preliminary injunction. Review removed lawsuit. Review confirmation order. Commence editing complaint. | 3.00 hrs | 375.00 /hr | 1,125.00 |
| 05/15/10 | ELR | Continue revising draft complaint. Draft email transmitting same to client and Mr. Ray for review | 1.50 hrs | 375.00 /hr | 562.50 |
| 05/16/10 | ELR | Review and revise motion to consolidate. Assign K. Mayle to prepare complaint for filing along with request for expedited hearing | 0.50 hrs | 375.00 /hr | 187.50 |
| 05/16/10 | ELR | Review and respond to several emails regarding states of complaint on discharge injunction.. | 0.20 hrs | 375.00 /hr | 75.00 |
| 05/17/10 | KJM | Review and revise Complaint and Motion to Consolidate Adversary Proceedings. Draft Request for Expedited Consideration, Affidavit and Proposed Order. Prepare Verification. Review Adversary Proceeding No. 10-3150. | 4.50 hrs | 120.00 /hr | 540.00 |
| 05/18/10 | ELR | Draft email transmitting complaint to counsel for investors. | 0.25 hrs | 375.00 /hr | 93.75 |
| 05/18/10 | ELR | Review adversary proceeding cover sheet. | 0.25 hrs | 375.00 /hr | 93.75 |
| 05/18/10 | ELR | Revise verification to delete notary. Transmit same to client for signing. | 0.25 hrs | 375.00 /hr | 93.75 |
| 05/18/10 | ELR |  | 0.25 hrs | 375.00 /hr | 93.75 |

**EXHIBIT A**

| Client- | 851020 | 00004 | Bill # 270748 | | | | | PAGE | 2 |

| Date | Atty | Description | Hours | | Rate | | Amount |
|---|---|---|---|---|---|---|---|
| | | Review and revise request for expedited hearing | | | | | |
| 05/18/10 | ELR | | 0.25 | hrs | 375.00 | /hr | 93.75 |
| | | Review and revise verification. Draft email forwarding same to client. | | | | | |
| 05/18/10 | KJM | | 6.00 | hrs | 120.00 | /hr | 720.00 |
| | | Review parties in Complaint to parties in original petition. Revised Complaint. Draft Cover Sheet. Prepare Verification of R. Kubbernus Compile exhibits. File Complaint with the Court. | | | | | |
| 05/19/10 | ELR | | 0.10 | hrs | 375.00 | /hr | 37.50 |
| | | Review and respond to email from Mr. Friar regarding motion to consolidate and motion to set expedited hearing. | | | | | |
| 05/20/10 | ELR | | 0.25 | hrs | 375.00 | /hr | 93.75 |
| | | Telephone conference with Mr. Smith regarding motion to consolidate. expedite hearing and service | | | | | |
| 05/20/10 | ELR | | 0.20 | hrs | 375.00 | /hr | 75.00 |
| | | Draft email to Mr. Friar regarding acceptance of service. | | | | | |
| 05/20/10 | KJM | | 1.00 | hrs | 120.00 | /hr | 120.00 |
| | | Final preparation for filing of Motion to Consolidate, | | | | | |
| 05/21/10 | ELR | | 0.10 | hrs | 375.00 | /hr | 37.50 |
| | | Review and respond to email from H. Ray regarding possible continuance of May 27 hearing | | | | | |
| 05/21/10 | ELR | | 0.50 | hrs | 375.00 | /hr | 187.50 |
| | | Telephone conference with client regarding strategy for hearing on May 27. | | | | | |
| 05/21/10 | ELR | | 0.50 | hrs | 375.00 | /hr | 187.50 |
| | | Telephone conference with counsel for plaintiffs regarding possible interim resolution of for May 27 hearing. | | | | | |
| 05/21/10 | ELR | | 0.10 | hrs | 375.00 | /hr | 37.50 |
| | | Telephone conference with attorney for plaintiff group regarding motion to consolidate. | | | | | |
| 05/23/10 | ELR | | 0.25 | hrs | 375.00 | /hr | 93.75 |
| | | Review and respond to email from client regarding Damages.. | | | | | |
| 05/24/10 | ELR | | 2.00 | hrs | 375.00 | /hr | 750.00 |
| | | Review various pleadings filed by Plaintiffs. Telephone conference with H. Ray and client to discuss same. Draft email to plaintiffs' counsel regarding continuance. | | | | | |
| 05/24/10 | ELR | | 0.25 | hrs | 375.00 | /hr | 93.75 |
| | | Telephone conference with Goldman and Smith regarding hearing on motion to | | | | | |

| Client- | 851020 | 00004 | Bill # 270748 | | | | PAGE | 3 |

| Date | Atty | Description | Hours | | Rate | Amount |
|---|---|---|---|---|---|---|
| | | consolidate. | | | | |
| 05/24/10 | ELR | | 0.25 | hrs | 375.00 /hr | 93.75 |
| | | Telephone conference with Sam Goldman regarding terms of agreed order. | | | | |
| 05/24/10 | ELR | | 0.75 | hrs | 375.00 /hr | 281.25 |
| | | Review and revise agreed order. Draft email transmitting same to opposing counsel. | | | | |
| 05/24/10 | ELR | | 0.20 | hrs | 375.00 /hr | 75.00 |
| | | Review and respond to email from Mr. Goldman. | | | | |
| 05/24/10 | KJM | | 0.50 | hrs | 120.00 /hr | 60.00 |
| | | Telephone discussion with Vangie Attaway (0.1). Prepare Notice of Hearing on Motions to Consolidate (0.4). | | | | |
| 05/24/10 | KJM | | 1.00 | hrs | 120.00 /hr | 120.00 |
| | | Review case docket and obtain critical pleadings from Pacer. | | | | |
| 05/25/10 | ELR | | 2.50 | hrs | 375.00 /hr | 937.50 |
| | | Review pleadings in preparation for preliminary injunction hearing. | | | | |
| 05/25/10 | ELR | | 1.50 | hrs | 375.00 /hr | 562.50 |
| | | Prepare for preliminary injunction hearing | | | | |
| 05/25/10 | ELR | | 0.25 | hrs | 375.00 /hr | 93.75 |
| | | Telephone conference with client regarding preparation for injunction hearing. | | | | |
| 05/25/10 | ELR | | 0.10 | hrs | 375.00 /hr | 37.50 |
| | | Review and respond to email from Mr. Goldman regarding dismissal of derivative claims. | | | | |
| 05/25/10 | KJM | | 0.50 | hrs | 120.00 /hr | 60.00 |
| | | Serve Order Granting Expedited Consideration in AP 10-3225. | | | | |
| 05/26/10 | ELR | | 4.00 | hrs | 375.00 /hr | 1,500.00 |
| | | Prepare for preliminary injunction hearing | | | | |
| 05/26/10 | ELR | | 0.25 | hrs | 375.00 /hr | 93.75 |
| | | Telephone conference with attorney for Wilson Vukevich regarding injunction hearing. | | | | |
| 05/26/10 | ELR | | 0.25 | hrs | 375.00 /hr | 93.75 |
| | | Review and respond to email from Mr. Ray regarding derivative claims issue.. | | | | |
| 05/26/10 | KJM | | 0.40 | hrs | 120.00 /hr | 48.00 |
| | | Prepare Certificate of Service regarding Order Granting Expedited Consideration in AP 10-3225. | | | | |
| 05/26/10 | KJM | | 0.40 | hrs | 120.00 /hr | 48.00 |

Client-    851020   00004        Bill # 270748                                                    PAGE      4

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | Serve Order Granting Expedited Consideration in AP 10-3150. Prepare Certificate of Service and file same with the court. | | | |
| 05/26/10 | KJM | | 6.00 hrs | 120.00 /hr | 720.00 |
| | | Prepare for preliminary injunction hearing. Prepare spreadsheet detailing service in matrix and plan of Skycomm's equity holder defendants. | | | |
| 05/27/10 | ELR | | 13.50 hrs | 375.00 /hr | 5,062.50 |
| | | Prepare for and attend preliminary injunction hearing and related hearings. | | | |
| 05/27/10 | KJM | | 4.50 hrs | 120.00 /hr | 540.00 |
| | | Travel to and attend injunction hearing as witness on noticing of bankruptcy to plaintiffs. | | | |
| 05/28/10 | ELR | | 1.50 hrs | 375.00 /hr | 562.50 |
| | | Draft proposed orders on motion to consolidate and for preliminary injunction. Draft email transmitting same to parties | | | |
| 06/04/10 | ELR | | 0.10 hrs | 375.00 /hr | 37.50 |
| | | Draft email to H. Ray regarding progress on stipulating direct versus derivative cause of action. | | | |
| 06/04/10 | ELR | | 0.25 hrs | 375.00 /hr | 93.75 |
| | | Revise injunction order. Draft email transmitting same to opposing counsel. | | | |
| 06/07/10 | ELR | | 0.25 hrs | 375.00 /hr | 93.75 |
| | | Telephone conference with client regarding form of injunction order. Draft email to counsel for Schermerhorn regarding same. | | | |
| 06/07/10 | ELR | | 0.25 hrs | 375.00 /hr | 93.75 |
| | | Telephone conference with H. Ray regarding status of proposed orders. | | | |
| 06/07/10 | KJM | | 0.60 hrs | 120.00 /hr | 72.00 |
| | | Finalize and file Unopposed Order Granting Motion to Consolidate Adversaries. Finalize and upload proposed Order Granting Temporary Injunction. | | | |
| 06/08/10 | ELR | | 0.10 hrs | 375.00 /hr | 37.50 |
| | | Review and respond to email from client regarding damage award.. | | | |
| 06/09/10 | ELR | | 0.25 hrs | 375.00 /hr | 93.75 |
| | | Telephone conference with clerk regarding status conference on proposed preliminary injunction order Draft email to opposing counsel regarding same. | | | |

                                              TOTAL FEES FOR THIS MATTER        $17,091.75

**EXPENSES**                                                          Pages      Amount

05/18/10         Filing Fee                                                      250.00

| Client- | 851020 | 00004 | Bill # 270748 | | | PAGE | 5 |

| Date | Description | Qty | Amount |
|---|---|---|---|
| 05/18/10 | Lexis-Nexis Online Research | | 5.95 |
| 06/09/10 | Outgoing Fax Charge | 6 | 4.50 |
| 06/09/10 | Photocopy Expense | 2850 | 427.50 |
| 06/09/10 | Postage Expense | | 20.59 |

|  | TOTAL EXPENSES FOR THIS MATTER | $708.54 |

**BILLING SUMMARY:**

| | | | | |
|---|---|---|---|---|
| KJM | Mayle, Kathy J. | 25.40 hrs @ | $120.00 /hr | $3,048.00 |
| ELR | Rothberg, Edward L. | 37.45 hrs @ | $375.00 /hr | $14,043.75 |
| | FEE RECAP TOTALS | 62.85 hrs | | $17,091.75 |

| | |
|---|---|
| TOTAL FEES | $17,091.75 |
| TOTAL EXPENSES | $708.54 |
| TOTAL CHARGES FOR THIS BILL | $17,800.29 |
| **TOTAL BALANCE NOW DUE** | **$17,800.29** |

Federal ID# 76-0381346
**Invoice Terms: Net 10 Days Upon Receipt**
Please Indicate Invoice Number on Your Check



SkyPorts Costs Incurred Responding to Schermerhorn Suit (Case 10-03150)

| Name | Meetings, Conferences & Correspondence with Counsel | Attendance at Court | Responding to Plaintiffs Requests to The FCC | Reviewing Court Pleadings | Review and Compile Internal Documents and Prepare Responses to Plaintiffs' Pleadings | Hours | Rate | Totals |
|---|---|---|---|---|---|---|---|---|
| Robert Kubbernes - Time (SkyPort CEO) | 42 | 16 | 5 | 14 | 36 | 113 | $ 375 | $ 42,375 |
| Douglas Whitworth - Time (SkyPort CFO) | 32 | 20 | 15 | 22 | 42 | 131 | $ 375 | $ 49,125 |
| Jennifer Maus (SkyPort Accounting Manager) | | | 7 | | 14 | 21 | $ 275 | $ 5,775 |
| Wilkinson, Barker, Knauer LLC (SkyPort FCC Counsel) | | | 12.5 | | | 12.5 | $ 475 | $ 5,938 |
| | 74 | 36 | 39.5 | 36 | 92 | 277.5 | | $ 103,213 |

EXHIBIT 3



# Additional Service and Billing Policy

For all customers requesting additional services from SkyPort Global Communications outside of normal contracted services our billing rates and policies are as follows:

HOURLY LABOR RATES:

| Position | Hourly Rate |
|---|---|
| Senior Executive; CEO, COO, CFO, CTO... | $ 375 |
| Executive Engineering Staff | $ 275 |
| Senior Engineering Staff | $ 225 |
| NOC Technician | $ 155 |
| RF Engineer | $ 185 |
| IP Engineer | $ 185 |
| Project Manager | $ 165 |
| Senior Accounting | $ 275 |
| Junior Accounting | $ 155 |
| Daily, Weekly and Monthly Rates | Quoted |
| Billing Increments | 15 minutes |

Additional report requests may require a multiple of positions to fulfill the client request.

Additional Services will be included in each monthly statement and will be due as per the client contract terms. This includes overdue interest policies as established by SkyPort from time to time.

Additional Services may include but are not limited to the following:

- Equipment Repair due to field damage not covered by manufactures warranty.
- Equipment Repair due to weather damage not covered by manufactures warranty.
- Re-configuration work due to customer issues.
- Re-furbishing equipment.
- Custom Reports as requested by Customer.
- Field Service not included in the contract.
- Custom Configuration unless included in the contract.
- Post Installation Testing and Certification unless included in the contract.
- Travel time and mileage not covered by contract.
- Air travel not covered by contract.
- Third party billing not covered by contract.

## Contact Information

*If you have questions, please contact:*

Robert Kubbernus, President & CEO
SkyPort Global Communications
Call: 832.448.1037
robert.kubbernus@skyportglobal.com

Douglas D. Whitworth, Chief Financial Officer
SkyPort Global Communications
Call: 281.272.7522
Douglas.whitworth@skyportglobal.com

1





SkyPorts Costs Incurred Responding to Schermerhorn Suit (Case 10-03150)

Estimated costs required to change SkyPorts name due to irreparable damanges, plus public relations campaign and current customer campaigns.

| | |
|---|---:|
| URL | $ 3,800 |
| Website Replacement | $ 28,000 |
| Public Relations Campaign. Quarum (6 months) | $ 75,000 |
| Stationary, Brochures, | $ 12,500 |
| Antenna Re-stencelling | $ 42,000 |
| Kori, Kevin and Marylou Labor to execute | $ 27,500 |
| Legal Change in Contracts all Customers, Douglas, Jennifer | $ 12,500 |
| Public Notifications, FCC, DHS, ORCA, DISA including Legal Assistance. | $ 32,000 |
| Total Cost to Rebrand | $ 233,300 |

