IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SKYPORT GLOBAL | § | CASE NO. 08-36737-H4-11 |
| COMMUNICATIONS, INC., | § | (Chapter 11) |
|     Debtor | § | |
| JOANNE SCHERMERHORN, JOHN K. | § | |
| WAYMIRE, ET AL., | § | |
|     PLAINTIFFS | § | |
| | § | |
| VS. | § | ADVERSARY NO. 10-3150 |
| | § | |
| CENTURYTEL, INC. (A/K/A CENTURY LINK), | § | |
| CLARENCE MARSHALL, ET AL., | § | |
|     DEFENDANTS | § | |

**PRELIMINARY OBJECTION TO
PLAINTIFFS' MOTIONS TO SUPPLEMENT THE RECORD**
(Responds to Docket #108, 109, 111)

**TO THE HONORABLE JEFF BOHM, U.S. BANKRUPTCY JUDGE:**

Defendants[1] file this Preliminary Objection to Plaintiffs' Various Motions to Supplement the Record[2] (the "Motions"), and would respectfully show the Court as follows:

**Summary**

1. At trial, Bill McCrary ("McCrary") gave testimony that the court found credible—that he told Mr. Goldman (Plaintiffs' counsel) of his concerns about SkyComm/SkyPort before August of 2009 and he gave Mr. Goldman a memo. Mr. Goldman,

---

[1] CenturyTel, Inc. (a/k/a CenturyLink), Clarence Marshall, R. Stewart Ewing, Jr., Michael E. Maslowski, Harvey P. Perry, and Robert Kubbernus, Balaton Group, Inc., Bankton Financial Corporation, Bankton Financial Corporation, Llc, ClearSky Management, Inc., and ClearSky Investments, LP.

[2] The nature of the Motions require an immediate response. Defendants reserve the right to supplement their objection to the Motions.

called McCrary to testify. Mr. Goldman was aware when and how McCrary communicated with him—whether the testimony was truthful. Mr. Goldman did not take remedial measures to correct McCrary's testimony.

2. The Court should deny the Motions seeking to reopen the record. No legal or factual reason exists to reopen the record. The Motion should be denied because:

>  (a) It does not state any rule, statute, or other authority upon which the relief sought should be granted;
>
>  (b) It does not reference any legal standard for reopening the record or explain how the appropriate legal standard is met;
>
>  (c) If the self-serving declaration is to be believed, Plaintiffs' counsel may not have taken steps to promptly correct testimony elicited from his witness;
>
>  (d) The self-serving declaration attempts to add new factual testimony to the record to cloud the appellate record, not correct it;
>
>  (e) The declaration does not assert a fact that changes the Court's findings.

## Background

3. Prior to the Debtor's bankruptcy case, Mr. McCrary prepared a two-page memorandum discussing his misgivings with the management of SkyComm and what he perceived to be fraud. He confronted counsel at Bracewell and Patterson about his concerns. Before the plan of reorganization was confirmed in the current bankruptcy case, McCrary communicated his misgivings to his attorney, Mr. Goldman. Mr. McCrary so testified.

4. On August 12, 2009, this Court entered the Confirmation Order (Docket #340).

5. On February 10, 2010, 182 days after the confirmation order was entered, Plaintiffs sued SkyPort's insiders (the "<u>Petition</u>") in the 113th Judicial District Court of Harris County, Texas. Defendants subsequently filed their Notice of Removal in this Court.

6.      On May 27, 2010, this Court held a hearing on whether it has jurisdiction over the Petition. The Court heard four witnesses and took numerous exhibits into evidence. The Court made findings of fact, including findings of the credibility of the witnesses. The Court determined that it had jurisdiction over the Petition and that the Plaintiffs had been disingenuous in suing in state court seeking to challenge and contradict the bankruptcy confirmation order, of which they were aware.

7.      On July 1, 2010, more than 30 days after the Court's findings were read into the record, Plaintiffs filed the Motion to Supplement the Record and the two (2) Amended Motions to Supplement the Record (Adversary 10-3150 docket 108, 109, and 111). The Motions seek to introduce into evidence an undated Declaration of Mr. McCrary on the premise that it corrects testimony.

### Argument

**A.    Motion Cites No Authority For the Relief Requested.**

8.      The Motions fail to state any rule, statute, or authority upon which the relief sought should be granted. Rule 7 of the Federal Rules of Civil Procedure (the "Rules") requires motions to state the grounds for seeking relief with particularity:

> A request for a court order must be made by motion. The motion must:…(B) state with particularity the grounds for seeking the order[].

FED. R. CIV. P. 7(b)(1).

9.      Federal Rule of Bankruptcy Procedure 9013 (the "Bankruptcy Rules") provides that, "A request for an order…shall state with particularity the grounds therefore[]."

10.     This Court must be authorized by statute, rule, or other legal authority to grant the relief requested. The Motions are presented in a legal vacuum. No authority is cited stating that this Court may order modification of the trial record in the manner requested.

3

11. Supplementing the trial record on a matter still under advisement is committed to the trial court's discretion.[3] Supplementing the trial record in the manner requested by the Motions is improper. The alteration requested includes new factual allegations and continued argument of the Plaintiff's position. This Court has clearly articulated its policy against using affidavits in lieu of live witnesses.[4]

12. Because the Motions do not comply with the Rules, they reference no authority enabling this Court to grant the relief requested, and they fail to cite any case law for the legal standard or explain how the standard is met, the court should deny the Motions.

**B.  It is Inappropriate to "Supplement" the Record with a Self-Serving Declaration.**

13. At this juncture, supplementing the record via self-serving declaration is entirely inappropriate. The McCrary Declaration touches issues related to the matter adjudicated. Supplementing the record by declaration at this juncture deprives Defendants all ability to elicit effective cross examination. Courts strongly disfavor this outcome:

> Receiving the affidavit and considering its content for the adjudication of a central substantive issue would deprive the Defendant of all right to cross-examine [plaintiff's witness] or to present her own testimony in rebuttal. It would be a rank violation of the hearsay rules.

*Minn. State Fair Plan v. Neumann (In re Neumann)*, 374 B.R. 688, 712 (Bankr. D. Minn. 2007).

14. The Motions state that Plaintiffs will make McCrary available for cross examination. Yet, McCrary will be highly coached and prepared for any cross-examination. The other person involved in the communications at issue, Mr. Goldman, is *not* being made

---

[3] *E.g., Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971).

[4] June 22, 2010 Transcript at p. 25 "[U]sually what happens with affidavits is attorneys draft them, they shove them in front of their clients, their clients sign them, don't really read them most of the time."

available for examination. Generally, such an offer of cross-examination after admission of a self-serving declaration drafted by counsel gives little comfort that real truth will prevail.

15. The Court had previously found McCrary to be a reliable witness at trial. Forcing Defendants to cross examine the witness under these circumstances is prejudicial and unfair, particularly when the Court has already accepted the witness's live testimony as true. Plaintiffs essentially ask this Court to concede that it was wrong on the facts before the testimony would be presented. Moreover, as shown below, the testimony was made before Mr. Goldman— counsel with an affirmative duty to correct the testimony before him.

### C. The Motion is Troubling Because of the Ethical Implications.

16. Called by Mr. Goldman at trial, McCrary stated that he communicated his concerns to Mr. Goldman before August 2009:

> Mr. Ray: By the way, you did contact Mr. Goldman about these issues, right?
>
> Mr. McCrary: About, say again?
>
> Mr. Ray: About the issues that you have talked about earlier in your testimony, the lack of shareholder meetings, the lack of financial statements, the improper change of control, the FCC issue. You have contacted Mr. Goldman.
>
> Mr. McCrary: I have contacted Mr. Goldman regarding a number of issues that are relative to CenturyTel and Balaton.
>
> Mr. Ray: And you hadn't talked to him about these issues before, let's say, August of 2009? Or had you talked to him before August, 2009 about these very issues?
>
> Mr. McCrary: I probably did.
>
> Mr. Ray: Okay.
>
> Mr. McCrary: Before 2009.

May 27, 2010 Trial Record at p. 191.

17.     Mr. Goldman must have known, at the moment the testimony was given, whether it was true or false.  The testimony involves him and when he was contacted in the last 11 months.  Mr. Goldman would know whether he received the Memo in June 2009 or January 2010, when concerns were raised and what those concerns were about.

18.     Months later, Mr. Goldman (as counsel) has filed the Motions and attached a Declaration suggesting the testimony was false.  The Declaration states that Mr. McCrary provided a two-page written memo discussing his misgivings about CenturyTel and SkyComm (the "Memo") to Mr. Goldman on January 25, 2010 and not August 2009.  Again, Mr. Goldman knew whether this fact was true when the testimony was given at trial because he received the Memo and he was the other party to the communications.

19.     Rule 3.03 of the Texas Disciplinary Rules of Professional Conduct requires attorneys to correct false statements of facts by their witness when made to the tribunal if the lawyer knows of the falsity:

> (a) [A] lawyer shall not knowingly…offer or use evidence that the lawyer knows to be false.
>
> (b) If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall make a good faith effort to persuade the client to authorize the lawyer to correct or withdraw the false evidence. If such efforts are unsuccessful, the lawyer shall take reasonable remedial measures, including disclosure of the true facts.[5]

20.     In his May 27, 2010 testimony, Mr. McCrary stated that he communicated his misgivings about dealings between SkyComm, Kubbernus, CenturyTel, and the Debtors to Goldman before 2009.  Mr. Goldman was present as counsel, having called Mr. McCrary as a

---

[5] ABA Model Rule 3.3 substantially expands on this rule. http://www.abanet.org/cpr/mrpc/rule_3_3.html  "If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal."

Austin 60892v2

witness.  McCrary testified in Goldman's presence that he communicated his misgivings to Goldman before 2009.

21.     The Motions claim that the evidence is material.  They attach Mr. McCrary's Declaration that no communication was made to Goldman until 2010—apparently contradicting the live testimony.  Because Mr. Goldman did not correct the testimony of McCrary at the time it was offered, he must have believed that Mr. McCrary communicated his misgivings prior to 2009.

22.     The Motions[6] state Mr. McCrary can be made available to re-testify on cross-examination, but the offer ignores the most discomforting issue of the Motion.  Mr. Goldman was the one who was present, knew whether the witness was testifying truthfully, and allowed his witnesses' testimony to go uncorrected.

23.     In any case, the change from "I knew in 2009" to "I knew in 2006" is not material to the Court's decision.  Mr. McCrary, like most all of the Plaintiffs, knew of the case and had concerns—but did nothing in the bankruptcy proceeding.

**E.     No Fact Is Asserted In the Declaration That Changes the Court's Ruling.**

24.     If McCrary's declaration is admitted, the Court's ruling does not change.  If the Motions are interpreted as a Rule 59 or Rule 60(b) motion, it fails on its face.  No new facts have been discovered, the outcome will not change and no injustice has occurred.

25.     It does not matter whether McCrary prepared the Memo in 2008 or 2009 or in 2005 or 2006.  The Plaintiffs have conceded that they knew something was wrong before the confirmation order was entered but took no action in the bankruptcy court to preserve their rights.  The Confirmation Order extinguished their shareholder rights.

---

[6] Or one of them.  Some of the Motions did not offer cross-examination but the later motion added a footnote offering cross-examination.

26. Defendants point out that McCrary's only intentional act was to refuse to participate in the bankruptcy process. McCrary has:

(a) Been honest and candid with this Court during his testimony;

(b) Known of the bankruptcy before and during the case and done nothing;

(c) Known of ongoing wrongdoing before and during the bankruptcy case and done nothing;

(d) Written the Memo before the case and done nothing; and

(e) Communicated his misgivings about SkyComm pre-bankruptcy and done nothing.

27. McCrary knew of allegedly wrongful conduct relating to SkyComm/SkyPort and did nothing. His testimony stated that he knew of fraudulent conduct in 2008 or 2009. The Declaration states he knew of the fraudulent conduct in 2005 and 2006 (and following). Both of these times are before confirmation of the Debtor's plan. The appropriate time for McCrary to raise any issues was before confirmation. McCrary (and the other plaintiffs) failed to act in the face of a confirmation order that terminated their rights.

**D.  Motions Improperly Attempt to Cloud the Appellate Record.**

28. The Motion incorporates additional allegations not previously argued. Plaintiffs had substantial opportunity to present and examine witnesses at trial. If they failed, it would be improper for the Court to admit a self-serving declaration to raise new appellate issues.

29. The allegations in the Declaration are presumably facts McCrary knew at trial.[7] Attempts by Plaintiffs to add these facts to the record to buttress their position are unfair to the Defendants. Plaintiffs had their chance to introduce factual testimony.

30. The Motion states, "the McCrary Declaration explains [when the Memo was given to Goldman] and places the memorandum in context in relation to the issues before the

---

[7] For example, the McCrary declaration presents argument as to the timing of filing the Petition. That decision was made before the initial petition was filed in February 2010 and clearly before May 27, 2010.

court."[8]  However, several self-serving "facts" alleged are irrelevant to correcting testimony, including:

> (a) The extent to which McCrary's alleged stake in SkyComm was diluted;
>
> (b) Why McCrary did not participate in the bankruptcy; and
>
> (c) When and why the Petition was filed.

31. The Court should not "supplement" the record by admitting a self-serving declaration that would not, if admitted, alter the Court's decision. It remains undisputed that virtually all of the Plaintiffs had concerns about SkyComm/SkyPort before the Court confirmed a bankruptcy plan canceling their rights as shareholders, and that they had notice but did nothing.

WHEREFORE, PREMISES CONSIDERED, the Defendants respectfully asks this Court to deny Plaintiff's Amended Motion to Supplement the Record and grant such other and further relief, both at law and in equity, to which the Defendants may show itself justly entitled.

Dated: July 9, 2010.

>Respectfully submitted,
>MCKOOL SMITH P.C.
>
>By:  /s/ Hugh M. Ray, III
>       HUGH M. RAY, III
>       State Bar No. 24004246
>       ROBERT M. MANLEY
>       State Bar No. 00787955
>       600 Travis, Suite 7000
>       Houston, Texas 77002
>       Telephone: (713) 485-7300
>       Facsimile: (713) 485-7344
>**ATTORNEYS FOR DEFENDANTS**
>**(EXCEPT WILSON VUKELICH, LLP)**

---

[8] Motion at ¶ 4.

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the above and foregoing were forwarded on this 9th day of July 2010, via the ECF system to all parties on the ECF service list.

*/s/ Hugh M. Ray, III*
HUGH M. RAY, III

Austin 60892v2