IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SKYPORT GLOBAL | § | CASE NO. 08-36737-H4-11 |
| COMMUNICATIONS, INC., | § | |
|     Debtor | § | |
| JOANNE SCHERMERHORN, ET AL., | § | |
|     Plaintiffs | § | |
| | § | |
| v. | § | ADVERSARY NO. 10-03150 |
| | § | |
| CENTURYTEL, INC. (A/K/A | § | |
| CENTURYLINK), ET AL., | § | |
|     Defendants | § | |
| SKYPORT GLOBAL | § | |
| COMMUNICATIONS, INC., ET AL., | § | |
|     Plaintiffs | § | |
| | § | |
| v. | § | ADVERSARY NO. 10-03225 |
| | § | |
| JOANNE SCHERMERHORN, ET AL., | § | (CONSOLIDATED UNDER |
|     Defendants | § | ADVERSARY NO. 10-03150) |

**EMERGENCY MOTION OF JOANNE SCHERMERHORN, ET AL. FOR CONTINUANCE**

**NOTICE PURSUANT TO LOCAL RULE 9013**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.**

**IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND M AY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**NOTICE IS FURTHER PROVIDED THAT THE MOVANTS SEEK EXPEDITED CONSIDERATION OF THIS MOTION.**

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

Come now Joanne Schermerhorn, et al. ("Movants"), respectfully showing as follows:

1. Presently set for hearing on August 3, 2010 are (a) Notice of Redacted Fee Statements (Doc. #87), (b) Response to Court Order Requiring List of Derivative and Direct Claims (Doc. #102), (c) Defendants' Motion for Additional Sanctions (Doc. #103), (d) SkyPort Global Communications, Inc.'s Motion for Additional Sanctions (Doc. #104), (e) Plaintiffs' Certification on Reasonableness of Fees (Doc. #107), (f) Plaintiffs' Motion to Supplement the Record (Doc. #108), (g) Plaintiffs' Amended Motion to Supplement the Record (Doc. #111), and (h) Plaintiffs' Amended Certification on Reasonableness of Fees (Doc. #112). (the "August 3rd Hearings").

2. Plaintiffs' Amended Certification on Reasonableness of Fees relates to Notice of Filing of Redacted Fee Statements of McKool Smith P.C. (Doc. # 87) (the "Notice") in its representation of CenturyTel, Inc. (a/k/a Century Link), Clarence Marshall, R. Stewart Ewing, Jr., Michael E. Maslowski, Henry P. Perry (the "CenturyTel Defendants"), for one-half of the fees and expenses, and of Robert Kubbernus, Balaton Group, Inc., Bankton Financial Corporation, Bankton Financial Corporation, LLC, ClearSky Management, Inc. and ClearSky Investments, LP (the "Kubbernus Defendants"), for the other half of fees and expenses. It is redacted, allegedly, "to preserve certain privileged information and to avoid disclosure of information protected by the work-product doctrine or that is otherwise confidential". Notice, par. 2. By the Notice, the CenturyTel Defendants and the Kubbernus Defendants seek, as sanctions, fees and expenses of McKool Smith P.C. of $569,337 and of $1,774.67, respectively. Movants objected to this Notice. Hoover Slovacek filed its invoice for services rendered on

behalf of the Debtor, as a sanction, in the amount of $17,800.29. Movants did not object to the reasonableness of this amount.

3.  On June 29, 2010, the CenturyTel Defendants and the Kubbernus Defendants filed Defendants' Motion for Additional Sanctions (Doc. #103) ("Defendants' Motion") seeking additional sanctions if the Movants appeal or refuse to pay. The additional sanctions are an estimate of "future legal fees that may be incurred as a result of Plaintiffs' continuing legal maneuvers" (Defendants' Motion, par. 9):

> $75,000 for an appeal to the District Court
>
> $75,000 for an appeal to the Circuit Court
>
> $250,000 for an appeal to the U.S. Supreme Court
>
> Plus coercive sanctions of $350 per day *Id.*, par. 18.

4.  On June 30, 2010, Debtor filed SkyPort Global Communications, Inc.'s Motion for Additional Sanctions (Doc. #104) ("SkyPort Motion"). By the SkyPort Motion, $103,213 is sought as additional sanctions for the 277.5 hours various SkyPort officers and employees spent responding to the Petition filed by Movants, multiplied by the hourly rate of the employee responding (Robert Kubbernus $375 per hour, Douglas Whitworth $375 per hour, Jennifer Maus $275 per hour and Wilkinson, Barker, Knauer, LLC (SkyPort FCC Counsel) $475 per hour). SkyPort Motion, p. 15 and Exhibit B. The SkyPort Motion also seeks punitive damages of $233,300. SkyPort Motion, par. 10. This punitive amount is the amount estimated by Debtor for "changing its name and re-branding the entire company due to the stench created by the allegations contained in the Petition filed by the Schermerhorn Group" *Id.*, par. 18.

5. On July 12, 2010, the Court caused the docketing of a letter from Dawn Cole dated July 6, 2010 (the "Cole Letter") (Doc. 122) regarding conduct of SkyPort Global Communications, Inc. and Robert Kubbernus, including perjury and witness tampering, requesting authority to communicate with Movants, which is presently enjoined, and to testify as a witness on behalf of Movants. Cole Letter, p.1.

6. Counsel for Movants have just completed a difficult jurisdictional contest. Responses (which will include briefs) are due July 19 and 20, 2010, respectively, to the Defendants' Motion and the SkyPort Motion. Further counsel for Movants must prepare for the August 3rd Hearings. Preparation is hindered by the redaction of the McKool Smith P.C. invoices. Just as one example, virtually all subject matter of what was discussed, what was reviewed, what was researched has been redacted. How can reasonableness, necessity or the like be rebutted without that information? The person responsible for submission of the redacted invoices, Hugh M. Ray III, has refused to sit for a requested deposition on these invoices. Counsel is further hindered by the fact that the SkyPort Motion for fees as sanctions gives hours, only, of its employees and its FCC Counsel, but no description of what was done or why it was necessary, during these hours. Discovery is necessary. Notice is being prepared to serve upon a designee of McKool Smith PC (since Mr. Ray refused) and upon Mr. Kubbernus, as a representative of Debtor.

7. The allegations by Ms. Cole speak volumes about the credibility and veracity of Mr. Kubbernus. If true, his testimony about the vendor and customer relationship between Debtor and Ms. Cole are definitely not true, and the same is believed to be the case as to his testimony concerning Mr. Klotz. The Kubbernus claims of damage to SkyPort's business by Movants' lawsuit is seriously undermined, if not destroyed altogether, by the Cole Letter and

what she may present at the August 3rd Hearings. Contact with her and Mr. Klotz must be made to obtain their information to prepare briefs and for the August 3rd Hearings. Not only does Ms. Cole have information regarding the perjury and witness tampering, but both Ms. Cole and Mr. Klotz are, as former employees of Debtor, knowledgeable about "fees", work assignments and the like relevant to the SkyPort Motion claim to damages. Mr. Rothberg is presently on vacation and not available for service of a request to contact Ms. Cole and Mr. Klotz. In view of her letter, it is unlikely that Mr. Kubbernus would grant Mr. Rothberg authority to consent.

8. Movants therefore seek the Court's permission to speak with Ms. Cole and Mr. Klotz in connection with their preparation of Movants' sanctions briefs and Ms. Cole's and Mr. Klotz' possible testimony at the August 3rd Hearings.

9. Reasonableness of legal fees is to be determined on a time entry by time entry basis. An expert on legal fees and expenses is necessary to assist Movants in preparations of their briefs due on July 19 and July 20 and for the August 3rd Hearings. The expert testimony likely will be necessary at this hearing. Due to the incomplete nature of McKool Smith's invoices, an expert or anyone else will not be able to opine on the entries in these invoices unless the redactions are removed. Packages of document, information, pleadings, etc. have been presented to several prospective experts contacted by Movants, for their review and consideration. The leading candidate has been involved this last week in a family health matter and has informed Movant's counsel that if employed as an expert he will be unavailable on August 3rd for the hearings. An expert on the "fees" of the Debtor's employees (inclusive of FCC Counsel) is also being considered at present.

10. Finally, co-counsel, Mr. Goldman, has been called to jury duty the week of July 26th, which will impair his ability to assist in preparation for the August 3rd Hearings, and on August 3, 2010, there is a family wedding related reception for his niece, which he is hosting and would very much like to attend.

11. A continuance is requested due to the just filed Cole Letter putting at issue the testimony of Robert Kubbernus, due to the redacted invoices, due to the "summary" time spent by Debtors' employees without explanation, due to the need for discovery, due to the need for employment and utilization of an expert or experts, due to the jury duty interference and call of family of Mr. Goldman and due to the present inability to effectively prepare Responses/Briefs on the sanctions/additional sanctions issues, both as to the reasonableness, necessity, etc. and as to entitlement – a weighing of the equities, especially if the damage testified to by Kubbernus is not true.

12. For the reasons set forth above, Movants seek a continuance of 30 days on the due dates of the July 19 and July 20 responses, as well as of the August 3rd Hearings. Movants also seek this Court's permission to contact Dawn Cole and Roger Klotz in advance of the hearing.

13. This Motion is not filed for purposes of delay. The issues involved and to be addressed in the briefing and at hearing are extremely complex and the outcome on the issue is critical to the rights of the Movants. The stakes are so high – well over $1 million in sanctions is sought – that expert assistance and discovery is required so that a full and fair airing of all matters can be obtained and justice done.

**EMERGENCY CONSIDERATION**

14. Responses are due by Movants on July 19 and July 20, 2010. Hearing is presently set on a number of matters on August 3, 2010. In light of the difficulty to respond and to brief the sanctions issues requires discovery and expert assistance. Without a continuance, effective discovery cannot be conducted, any expert would be ill prepared and the hearing will be less than adequate. The time constraints impose an emergency situation.

15. Movants are contemporaneously filing a Motion for Expedited Consideration of the Movants' Motion for Continuance (the "Motion for Expedited Consideration"). Movants are filing the Motion for Expedited Consideration and the Motion not for purposes of delay, but so that justice may be done.

16. Based upon the forgoing, Movants pray that the Court grant the relief set out herein and for such other and further relief, both at law and in equity, to which Movants may show themselves justly entitled.

WHEREFORE, PREMISES CONSIDERED, Movants request continuance of response date on sanctions from July 19 and July 20, 2010 and of the hearings set for August 3, 2010 and for such other and further relief as is just.

Dated: July 16, 2010.

Respectfully submitted,

MCFALL, BREITBEIL & SHULTS, P.C.

By: */s/ W. Steve Smith*
   W. STEVE SMITH
   State Bar No. 18700000
   1331 Lamar Street, Suite 1250
   Houston, Texas 77010
   Tel.        713-590-9300
   Fax.        713-590-9399
   Email: ssmith@mcfall-law.com


THE FRYAR LAW FIRM

By: */s/ F. Eric Fryar*
   F. ERIC FRYAR
   State Bar No. 07495770
   1001 Texas Ave., Suite 1400
   Houston, Texas 77002
   Tel.        (888) 481-9995
               (281) 715-6396
   Main Fax:   (281) 715-6397
   Direct Fax: (281) 605-1888
   Email: efryar@fryarlawfirm.com


SAMUEL GOLDMAN & ASSOC.

By: */s/ Samuel Goldman*
   SAMUEL GOLDMAN
   100 Park Ave., 20th Fl.
   New York, NY 10017
   Tel.        (212) 725-1400
   Fax.        (212) 725-0805
   Email: sg@sgalaw.com

HAROLD B. OBSTFELD, P.C.

By: */s/ Harold B. Obstfeld*
HAROLD B. OBSTFELD
100 Park Ave., 20th Floor
New York, NY 10017
Tel. (212) 696-1212
Fax. (212) 867-7360
Email: hobsd@erols.com

ATTORNEYS FOR PLAINTIFFS

### CERTIFICATE OF CONFERENCE

I certify that I have conferred, or made a reasonable attempt to confer with Hugh M. Ray III, attorney for CenturyTel, Inc. (a/k/a Century Link), et al., and Ed Rothberg, attorney for SkyPort Global Communications, Inc., Debtor about the merits of this motion. Mr. Rothberg is out of the office on vacation. Mr. Ray opposes the Motion.

*/s/ W. Steve Smith*
W. Steve Smith

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document is being served on the 16th day of July, 2010, on all of the following parties via regular first class mail, postage prepaid. Those ECF users registered in this case will receive electronic notice on July 16, 2010.

| | | |
|---|---|---|
| Office of U.S. Trustee<br>515 Rusk Ave., Ste. 3516<br>Houston, TX 77002 | Hugh M. Ray, III<br>McKool Smith, P.C.<br>600 Travis, Suite 7000<br>Houston, TX 77002 | Robert M. Manley<br>McKool Smith, P.C.<br>300 Crescent Court, Suite 1500<br>Dallas, TX 75201 |
| Edward L. Rothberg<br>Hoover Slovacek, L.P.<br>5847 San Felipe, Ste. 2200<br>Houston, TX 77057 | David R. Jones<br>Elizabeth Freeman<br>Porter & Hedges, LLP<br>1000 Main Street, 36th Fl.<br>Houston, TX 77002<br>*(Subject to Special Appearance)* | Wilson Vukelich, LLP<br>Valleywood Corporate Centre<br>60 Columbia Way, Suite 710<br>Markham, Ontario L3R 0C9<br>CANADA |

*/s/ W. Steve Smith*
W. Steve Smith