

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
07/23/2010

| | | |
|---|---|---|
| IN RE: | § § § | |
| SKYPORT GLOBAL COMMUNICATIONS, INC., Debtor | § § § § | CASE NO. 08-36737-H4-11 (Chapter 11) |
| JOANNE SCHERMERHORN, JOHN K. WAYMIRE, ET AL., PLAINTIFFS | § § § § | |
| VS. | § § | ADVERSARY NO. 10-03150 (and consolidated Adv. No. 10-3225) |
| CENTURYTEL, INC. (A/K/A CENTURYLINK), CLARENCE MARSHALL, ET AL, DEFENDANTS | § § § | |

**ORDER DENYING MOTION FOR CONTINUANCE**
(Relates to Docket #124)

Upon consideration of the Fryar Parties'[1] *Motion for Continuance* (Docket #124) and the objection filed by the McKool Smith ("MS") Parties[2], and the opposition of the Hoover Slovacek ("HS")[3] Parties, the Court has made findings of fact and conclusions of law on the record after weighing the credibility and testimony of witnesses, after admission of exhibits and arguments of counsel. The Court accordingly orders as follows:

---

[1] Because parties have different roles as counter-plaintiffs and plaintiffs, the parties are arranged by lawfirm. The "Fryar Parties" consist of those parties represented by the Fryar Law Firm, Mr. Goldman, Mr. Obsterfelt and McFall Breitbeil, to wit, Joanne Schermerhorn, John K. Waymire, Chet Gutowsky, John Llewellyn, Joseph A. Lopez, Robert Foote, BLF Partners, Ltd., ECAL Partners, Ltd, Whiz Kid Ventures, LLC, Bella Krieger, Martin Pollak, Gloster Holdings, LLC, Melvyn Reiser, Barry Klein, Yecheskel Kahan, John A. Rees, Brian W. Harle, MD, Michael Stein, Lawrence Solomon, Tracy Elstein & David Togut, Jason Charles Togut Trust, BMT Grantor Trust, Lynn Joyce Elstein Trust, Charles Stack, Joseph Baker, Movada, Ltd., Puddy, Ltd., Draco Capital, Inc., Edward Pascal, Robert Mendel, Stanley Beraznik, Don Dui, Ben Ariano, 3790168 Canada, Inc., Peter Taylor, John E. Panneton, Wayne C. Fox, David Currie, Byron Messier, Darshan Khurana, Mateo Novelli, Diya Al-Sarraj, Sequoia Aggressive Growth Fund, Ltd., Sequoia Diversified Growth Fund, Ltd., Rig III Fund, Ltd., Aran Asset Management SA, Semper Gestion SA, and Eosphoros Asset Management, Inc.

[2] The McKool Smith ("MS" Parties) are CenturyTel, Inc. (a/k/a CenturyLink), Clarence Marshall, R. Stewart Ewing, Jr., Michael E. Maslowski, Harvey P. Perry Robert Kubbernus, Balaton Group, Inc., Bankton Financial Corporation, Bankton Financial Corporation, LLC, ClearSky Management, Inc., and ClearSky Investments, LP.

[3] The Hoover Slovacek represents SkyPort Global Communications, Inc. ("SkyPort"), Balaton Group, Inc. and Robert Kubbernus, though only SkyPort sought additional sanctions in a motion filed as Docket #104.

Austin 61224v3                                1

The Motion for Continuance is DENIED.

At the hearing on August 3, 2010, the issue to be tried is the reasonableness of legal fees. (A hearing is also set on the Fryar Parties' Motion to Supplement the Record (Docket #111), which is not affected by this order.)

Before the conclusion of the August 3rd hearing, SkyPort must state whether it desires a trial on the additional sanctions sought beyond legal fees (Docket #104). If SkyPort opts to pursue additional sanctions, the Court will set trial in September or October.

The MS Parties' motion for additional sanctions (Docket # 103, which includes estimated legal fees for filing of an appeal) will also go forward at the August 3rd hearing.

The August 3rd sanctions hearing will not be an opportunity to re-try the case previously tried May 27th. The Court has ruled that the discharge injunction was willfully violated and that sanctions in the form of legal fees are appropriate. However, the Fryar Parties may present evidence for the record of whether sanctions should be imposed at all.

MS must provide its un-redacted fee statements to opposing counsel. However, the Court orders that the MS fee statements shall not be shared with anyone but counsel of record. Pursuant to Federal Rule of Evidence 502(d), nothing in the production of the MS fee statements will waive any privilege, including the attorney-client privilege and work product doctrine. MS must make a witness available for deposition if MS intends to have a witness at trial on August 3rd.

For the reasons stated on the record, the Court will not admit expert testimony on the reasonableness of legal fees under Federal Rule of Evidence 702.

Counsel for Fryar Parties may send an e-mail (and only an e-mail), simultaneously visibly carbon copying all other counsel of record, asking Ms. Cole and Mr. Klotz to sit

voluntarily for deposition. Discussions arranging the deposition must be only by e-mail and simultaneously visibly copied to all counsel of record. There is to be no other contact with these individuals by the Fryar Parties (or those in active concert with them). Nothing in this Order modifies the Court's previously entered injunction (Docket # 86).

The scope of any deposition taken in connection with the August 3rd hearing is limited to the issue to be tried, namely, the reasonableness of legal fees as sanctions and the imposition of sanctions. If a witness does not voluntarily sit for deposition, any party may seek a deposition under subpoena as permitted by the Federal Rules of Bankruptcy Procedure.

DATED: July 23, 2010

JEFF BOHM,
UNITED STATES BANKRUPTCY JUDGE

Approved as to Form:

/s/ Hugh M. Ray, III

---
Hugh M. Ray, III
Counsel for MS Parties


_/s/ Ed Rothberb by permission MAH_____
Edward L. Rothberg
Counsel for HS Parties


---
W. Steve Smith,
Counsel for Fryar Parties

Austin 61224v3

3