IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SKYPORT GLOBAL | § | CASE NO. 08-36737-H4-11 |
| COMMUNICATIONS, INC., | § | (Chapter 11) |
|     Debtor | § | |
| Joanne Schermerhorn, et al., | § | |
|     Plaintiffs | § | |
| | § | |
| Vs. | § | ADVERSARY NO. 10-03150 |
| | § | |
| CenturyTel, Inc. (a/k/a CenturyLink), et al., | § | |
|     Defendants | § | |

### MOTION OF MCKOOL SMITH P.C. TO WITHDRAW
### AS COUNSEL FOR KUBBERNUS DEFENDANTS

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.  REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE JEFF BOHM, U.S. BANKRUPTCY JUDGE:

McKool Smith, P.C. (the "Firm") files this Motion to Withdraw as Counsel for the Kubbernus Defendants[1] and would respectfully show the Court as follows:

### Motion to Withdraw

1.    To date, the Kubbernus Defendants have failed to pay the Firm's legal fees.  After repeated requests orally and in writing, the Kubbernus Defendants were informed that if the

---

[1] Robert Kubbernus, Balaton Group, Inc., Bankton Financial Corporation, Bankton Financial Corporation, LLC, ClearSky Management, Inc., and ClearSky Investments, LP (collectively, the "Kubbernus Defendants").

Austin 62076v2            1

Firm's legal fees were not brought current by August 4, 2010, the Firm would withdraw as counsel for the Kubbernus Defendants. That deadline has passed and the Firm's legal fees remain unpaid.

2. Nothing is pending in the case that requires the active participation of the Firm on behalf of the Kubbernus Defendants. All parties are awaiting a judgment and opinion. The Firm will continue to represent CenturyTel, Inc. and the related CenturyTel Defendants.[2] Upon information and belief, the Kubbernus Defendants will retain Hoover Slovacek as successor counsel.

3. The Firm therefore requests that it be permitted to withdraw as counsel of record for the Kubbernus Defendants in the above-captioned matter. This request is solely with regard to the Kubbernus Defendants and is in no way a request to withdraw from representation of the CenturyTel Defendants.

## Law and Authorities

4. The Texas Rules of Professional Conduct (the "Conduct Rules") permit counsel to withdraw for failure to pay attorney's fees.[3] Specifically, the Conduct Rules state:

> (b) Except as required by paragraph (a), a lawyer shall not withdraw from representing a client unless:
>
> * * *
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services, **including an obligation to pay the lawyer's fee as agreed**, and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;…

TEX. R. PROF. CONDUCT 1.15(b)(5) (emphasis added). The Firm gave reasonable warning in writing of its intention to withdraw. The Firm has not received any payment from the Kubbernus

---

[2] CenturyTel, Inc. (a/k/a CenturyLink), Clarence Marshall, R. Stewart Ewing, Jr., Michael E. Maslowski, Harvey P. Perry (collectively, the "CenturyTel Defendants").

[3] TEX. R. PROF. CONDUCT 1.15(b)(5).

Defendants since giving its warning.

5. The Texas Rules of Civil Procedure (the "Procedure Rules") permit counsel to withdraw for cause.[4] Texas courts hold that failure to pay attorney's fees is good cause for withdrawal.[5]

## Conclusion

6. Upon information and belief, the Kubbernus Defendants sustain no significant prejudice as a result of the Firm's withdrawal as counsel. The Firm does not seek to withdraw from representation of the Kubbernus Defendants for any other reason than non-payment of attorney's fees.

7. No other changes are requested at this time regarding the Firm acting as counsel for the CenturyTel Defendants.

---

[4] TEX. R. CIV. P. 10.

[5] *See, e.g., In the Interest of A.R.,* 236 S.W.3d 460, 474 (Tex. App.—Dallas 2007) (finding good cause to withdraw as attorney by applying Conduct Rules permitting withdraw for failure to pay attorney's fees); *In re Daniels*, 138 S.W.3d 31 (Tex. App.—San Antonio 2004) (same).

WHEREFORE, PREMISES CONSIDERED, the Firm requests the Court grant this Motion and allow the Firm to withdraw as Counsel for the Kubbernus Defendants and for such other and further relief as may be just.

DATED: August 20, 2010.

>Respectfully submitted,
>
>MCKOOL SMITH P.C.
>
>By:   */s/ Hugh M. Ray, III*
>       HUGH M. RAY, III
>       State Bar No. 24004246
>       ROBERT M. MANLEY
>       State Bar No. 00787955
>       600 Travis, Suite 7000
>       Houston, Texas 77002
>       Telephone: (713) 485-7300
>       Facsimile: (713) 485-7344
>
>**ATTORNEYS FOR DEFENDANTS**
>**(EXCEPT WILSON VUKELICH, LLP)**

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2010, a true and correct copy of the foregoing document has been served via DLR 5.1 and the ECF system to the parties on the ECF service list and to the Kubbernus Defendants by first class certified mail, return receipt requested at the following address:

Robert Kubbernus
Balaton Group, Inc.
Bankton Financial Corporation
Bankton Financial Corporation, LLC
ClearSky Management, Inc.
ClearSky Investments, LP.
ATTN: Robert Kubbernus
1140 Aerospace Ave
Houston, TX  77034

>       */s/ Hugh M. Ray, III*
>       Hugh M. Ray, III