IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SKYPORT GLOBAL | § | CASE NO. 08-36737-H4-11 |
| COMMUNICATIONS, INC., | § | (Chapter 11) |
|     Debtor | § | |
| Joanne Schermerhorn, et al., | § | |
|     Plaintiffs | § | |
| | § | |
| Vs. | § | ADVERSARY NO. 10-03150 |
| | § | |
| CenturyTel, Inc. (a/k/a CenturyLink), et al., | § | |
|     Defendants | § | |

## MOTION TO CORRECT HEARING TRANSCRIPT

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE JEFF BOHM, U.S. BANKRUPTCY JUDGE:

Defendants, CenturyTel, Inc. (a/k/a CenturyLink), Clarence Marshall, R. Stewart Ewing, Jr., Michael E. Maslowski, Harvey P. Perry, (collectively, the "<u>CenturyTel Defendants</u>"), file this Motion to Correct Hearing Transcript and would respectfully show the Court as follows:

### Summary and Factual Background

1.    On May 27, 2010, trial was conducted in this Adversary Proceeding regarding, among other things, dismissal of the case. The one-day trial lasted over twelve (12) hours. Immediately after trial, the CenturyTel Defendants requested from Judicial Transcribers of

Texas, Inc. ("JTT"), on an emergency basis, a trial transcript. Due to the length of the trial, JTT, through no fault of its own, informed the CenturyTel Defendants that it was unable to provide a trial transcript in the time requested without additional assistance from another transcription service, Trinity Transcription Services, and requested permission to allow such secondary service to transcribe the hearing. The CenturyTel Defendants agreed to JTT's request.

2. On June 2, 2010, the Official Transcript of the May 27, 2010 trial was filed with the Court (the "Official Transcript") [docket #75].

3. The transcript, as filed, contains numerous typographical errors. The CenturyTel Defendants request that this Court either (a) order JTT to correct the clerical errors in the transcript filed, or (b) correct the clerical errors in the transcript itself. By this Motion the CenturyTel Defendants do not disparage Trinity Transcription Service's abilities in any manner but do acknowledge that in extremely time-sensitive situations mistakes can happen which should in no event leave open the possibility of clouding a court record.

## Correction of Hearing Transcript

4. The Official Transcript contains numerous clerical errors which, if not corrected, may cloud the record, including any subsequent appeals made in this matter.

5. Attached hereto as *Exhibit A* and incorporated herein by reference is a list of annotated proposed clerical changes to the Official Transcript.

6. The CenturyTel Defendants believe that the proposed changes listed in *Exhibit A* adhere to the audio recording of the May 27, 2010 trial without altering the substantive rights of any party in attendance at the trial. Further, the CenturyTel Defendants believe that the proposed clerical changes listed in *Exhibit A* do not alter the judgment rendered by this Court.

7. Federal Rule of Civil Procedure (the "Rules") 60 applies in bankruptcy proceedings.[1] Rule 60(a) provides:

> (a) Corrections Based on Clerical Mistakes; Oversights and Omissions.
>
> The court may correct a **clerical mistake** or a mistake arising from oversight or omission whenever one is found in a judgment, order, or **other part of the record**. The court may do so on motion or on its own, with or without notice.[2]

8. The mistakes sought to be corrected are entirely clerical and can be verified by listening to the audio recording of the trial. In the absence of the clarification sought, the record will contain numerous errors which could distract or otherwise inappropriately affect any future appellate proceedings.

WHEREFORE, PREMISES CONSIDERED, the CenturyTel Defendants request the Court grant this Motion and (a) order JTT to make the proposed clerical changes to the Official Transcript listed on *Exhibit A* hereto; (b) file a corrected Official Transcript with the Court; and (c) grant such other and further relief as may be just and proper.

---

[1] FED R. BANKR. P. 9024.

[2] *Id.*

DATED: September 24, 2010.

Respectfully submitted,

MCKOOL SMITH P.C.


By:    */s/ Nicholas Zugaro*
      HUGH M. RAY, III
      State Bar No. 24004246
      ROBERT M. MANLEY
      State Bar No. 00787955
      NICHOLAS ZUGARO
      State Bar No. 24070905
      600 Travis, Suite 7000
      Houston, Texas 77002
      Telephone: (713) 485-7300
      Facsimile: (713) 485-7344

**ATTORNEYS FOR THE CENTURYTEL DEFENDANTS**

## CERTIFICATE OF SERVICE

    I hereby certify that on September 24, 2010, a true and correct copy of the foregoing document has been served via DLR 5.1 and the ECF system to the parties on the ECF service list and to the Kubbernus Defendants by first class certified mail, return receipt requested at the following address:

Robert Kubbernus
Balaton Group, Inc.
Bankton Financial Corporation
Bankton Financial Corporation, LLC
ClearSky Management, Inc.
ClearSky Investments, LP.
ATTN: Robert Kubbernus
1140 Aerospace Ave
Houston, TX  77034

          */s/ Nicholas Zugaro*
          Nicholas Zugaro

Austin 62820v2           4