IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| SKYPORT GLOBAL COMMUNICATIONS, INC., <br> Debtor | § § § § | CASE NO. 08-36737-H4-11 <br> (Chapter 11) |
| JOANNE SCHERMERHORN, JOHN K. WAYMIRE, ET AL., <br> PLAINTIFFS | § § § § | |
| VS. | § § | ADVERSARY NO. 10-03150 |
| CENTURYTEL, INC. (A/K/A CENTURYLINK), CLARENCE MARSHALL, ET AL, <br> DEFENDANTS | § § § § | |
| SKYPORT GLOBAL COMMUNICATIONS, INC., ET. AL <br> PLANITIFFS | § § § § | ADVERSARY NO. 10-03225 |
| VS. | § § § | |
| JOANNE SCHERMERHORN, ET. AL. <br> DEFENDANTS | § § | (CONSOLIDATED UNDER ADVERSARY NO. 10-03150) |

**ORDER HOLDING JOANNE SC HERMERHORN *et al* IN CONTEMPT OF THE JUNE 10, 2010 PRELIMINARY INJUNCTION**
[Docket Nos. 173 and 177]

On September 27, 2010, the Court entered an order [docket no. 177] directing Joanne Schermerhorn *et al* to appear before the Court on October 14, 2010 at 3:00 p.m. and show cause why they should not be held in contempt of this Court's June 10, 2010 preliminary injunction for the reasons set forth in the motion of Skyport Global Communication, Inc. assigned docket number 173.

1

On October 14, 2010, the Court conducted the above-described hearing. The Court carried the hearing to the following day, October 15, 2010 at 9:00 a.m. After hearing closing argument on October 15, 2010, the Court announced its findings of fact and conclusions of law into the record, which findings and conclusions are hereby incorporated by reference. It is therefore

ORDERED that Joanne Schermerhorn *et al* are in contempt of this Court's June 10, 2010 preliminary injunction; it is further

ORDERED that as sanctions for the above-described contempt Sam Goldman and Eric Fryar are adjudged jointly and severally liable to Skyport Global Communications, Inc. for (i) the attorney fees and costs incurred in the preparation and prosecution of the motion assigned docket number 173, and (ii) the time spent by Douglas Whitworth responding to such contempt; it is further

ORDERED that Hoover Slovacek LLP ("HSLLP") shall submit its invoices (reflecting attorney fees and costs incurred) to counsel for Joanne Schermerhorn *et al* on or by October 22, 2010; it is further

ORDERED that Douglas Whitworth shall submit his invoice to counsel for Joanne Schermerhorn *et al* on or by October 22, 2010; it is further

ORDERED that Sam Goldman and Eric Fryar shall have until October 29, 2010 to file with this Court either an objection to the above-described invoices or a certificate of reasonableness; it is further

ORDERED that, absent objection by Sam Goldman or Eric Fryar, Sam Goldman and Eric Fryar shall cause payment of the HSLLP and Whitworth invoices, care of HSLLP, on or by October 31, 2010; and it is further

ORDERED that in the event of objection by Sam Goldman or Eric Fryar, this Court shall set a hearing on the reasonableness of the above-described invoices fees and costs.

DATED:

_____
UNITED STATES BANKRUPTCY JUDGE

AGREED AS TO FORM AND CONTENT:

HOOVER SLOVACEK, L.P.

*By: /s/ Annie Catmull*
EDWARD L. ROTHBERG
State Bar No. 17313990
5847 San Felipe, Ste 2200
Houston, Texas 77057
(713) 977-8686
(713) 977-5395 (fax)

ATTORNEY FOR HSLLP DEFENDANTS

AGREED AS TO FORM ONLY

MCFALL, BREITBEIL & SHULTS, P.C.

*no agreement of counsel*[1]
W. STEVE SMITH
State Bar No. 18700000
1331 Lamar Street, Suite 1250
Houston, Texas 77010
(713) 590-9300
(713) 590-9399 (fax)

---

[1] The Court directed Annie Catmull to obtain approval of the form of order before submitting it to the Court. Annie Catmull submitted a proposed order to opposing counsel on October 22, 2010. Until the afternoon of October 29, 2010, no response or proposed revisions were transmitted to Annie Catmull. On the afternoon of October 29, 2010 Steve Smith transmitted proposed revisions that are not acceptable to Annie Catmull. The Court's instructions as to the form and procedure for this order are set forth on the attached partial transcript from hearing conducted on the morning of October 15, 2010.

SAMUEL GOLDMAN & ASSOC.

<u>*no agreement of counsel*</u>
SAMUEL GOLDMAN
100 Park Ave., 20th Fl.
New York, NY 10017
(212) 725-1400
(212) 725-0805 (fax)


THE FRYAR LAW FIRM

<u>*By: no agreement of counsel*</u>
F. ERIC FRYAR
State Bar No. 07495770
1001 Texas Ave., Suite 1400
Houston, Texas 77002
(281) 715-6396
(281) 715-6397 (fax)


ATTORNEYS FOR SCHERMERHORN PLAINTIFFS

```
 1              And you can just set forth that I have made
 2   findings and conclusions today.  I guess I should cite some
 3   Fifth Circuit case law, so the record is as clear as I can
 4   get it.  FDIC versus Horowitz, a Fifth Circuit, 523 F3d
 5   0566. It says, "The assessment of attorneys' fees and
 6   interest is an appropriate remedy for where an order has
 7   been violated."
 8              There is no question I made a legal
 9   conclusion that Counsel for the Plaintiffs has -- were in
10   contempt of this Order by taking the actions that they did,
11   which required the filing of the Motion for Contempt.  So, I
12   cite that case.
13              I'll cite a couple of other Fifth Circuit
14   cases, excuse me, a lower court case within the Southern
15   District.  The case is Charles Vinton Musselwhite,
16   270 B.R. 72, and that opinion was written by District Judge
17   Nancy Atlas, so awarding attorneys' fees is appropriate
18   relief.  I'm expressly not requiring any of the Plaintiffs
19   at this time to make payment.
20              And so, all of my findings and conclusions
21   should just be set forth and the order is that I've made
22   oral findings and conclusions and they are incorporated into
23   the order.  And that, therefore, reasonable attorneys' fees
24   and costs shall be paid by Counsel for the Plaintiffs, and
25   you should draft the Order and have Counsel sign off as to
```

1  form only, and submit it to me within seven days, but
2  meanwhile, today is October 15 so by October 22 you need to
3  have your invoices to opposing Counsel and then by October
4  29, they need to file -- any attorney who believes that they
5  are not reasonable should file a request for a hearing.  And
6  then I'll set it for a hearing sometime in November or
7  December.
8              With respect to the $17,000, you can give me
9  a separate order that says that should be paid, why don't we
10 say, on or before October 31, make it by the end of the
11 month.  Let me have that order within a week as well.
12             **MS. CATMULL:**  Yes, Your Honor.
13             **THE COURT:**  Now, I've had people patiently waiting
14 on the phone.  What I want to do is break you all and tell
15 you come back at a quarter of 2:00, a quarter of 2:00.  So,
16 you will have about a two-hour lunch.  I'm going to go ahead
17 and hold the hearing that I've got on *MSB Energy*.
18             We will take up Docket 104 at a quarter of
19 2:00.  The first argument out of the box will be whether we
20 should allow this expert witness to testify so that we can
21 notify him, okay.
22             **MS. CATMULL:**  Your Honor, I have a few questions
23 about the Court's order. I can wait until we come back from
24 break.
25             **THE COURT:**  Why don't you, think about -- that's