IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| SKYPORT GLOBAL COMMUNICATIONS, INC., <br> Debtor | § § § § | CASE NO. 08-36737-H4-11 <br> (Chapter 11) |
| JOANNE SCHERMERHORN, JOHN K. WAYMIRE, ET AL., <br> PLAINTIFFS | § § § § | |
| VS. | § § | ADVERSARY NO. 10-03150 |
| CENTURYTEL, INC. (A/K/A CENTURYLINK), CLARENCE MARSHALL, ET AL, <br> DEFENDANTS | § § § § § | |
| SKYPORT GLOBAL COMMUNICATIONS, INC., ET. AL <br> PLANITIFFS | § § § § § | ADVERSARY NO. 10-03225 |
| VS. | § § § | |
| JOANNE SCHERMERHORN, ET. AL. <br> DEFENDANTS | § § | (CONSOLIDATED UNDER ADVERSARY NO. 10-03150 |

**ORDER AWARDING ADDITIONAL SANCTIONS AGAINST JOANNE SCHERMERHORN *et al***
[Docket No. 104]

Plaintiff, Skyport Global Communications, Inc. ("Skyport") has moved this Court for an order awarding additional sanctions against the Schermerhorn Group[1] and their counsel.

---

[1] The Schermerhorn Group consists of the following 49 named plaintiffs in adversary no. 10-03150, who are also the named defendants in adversary no. 10-03225: 3790168 Canada, Inc., ARAN Asset Management SA, Diya Al-sarraj, Ben Ariano, BLF Partners, Ltd., BMT Grantor Trust, Joseph Baker, Stanley Beraznik, David Currie, Draco Capital, Inc., DonDui, ECAL Partners, Ltd., Tracy Elstein, Eosphoros Asset Management, Inc., Robert Foote, Wayne C.Fox, Gloster Holdings, LLC, Chet Gutowsky, Brian W. Harle, Jason Charles Togut Trust, Llewellyn John, Rees A John, Yecheskel Kahan, Darshan Khurana, Barry Klein, Bella Kreiger, Joseph A. Lopez, Lynn Joyce Elstein Trust, Robert Mendel, Byron Messier, Movada, Ltd., Mateo Novelli, John E. Panneton, Edward Pascal, Martin Pollack, Puddy, Ltd., Melvyn Reiser, Rig III Fund, Ltd., Joanne Schermerhorn, Semper-Gestion SA, Sequoia Aggressive Growth Fund, Ltd., Sequoia Diversified Growth Fund, Ltd., Lawrence Solomon, Charles Stack, Michael Stein, Peter Taylor, David Togut, John Waymire, and Whiz Kid Ventures.

1

On October 15, 2010 the Court conducted a hearing on this motion at which counsel for the parties appeared and presented evidence and oral argument.

After carefully considering the matter, the Court read its findings of fact and conclusions of law into the record and determined that the motion should be granted in part and denied in part. It is therefore

ORDERED the Schermerhorn Group are jointly and severally liable to Skyport for additional sanctions in the aggregate amount of $8,584.65; it is further

ORDERED that by noon on November 5, 2010, the Shermerhorn Group shall cause payment to Skyport of such $8,584.65 sanction award, care of Annie Catmull, 5847 San Felipe, Ste. 2200, Houston, Texas 77057; it is further

ORDERED that the attorney fees and costs reflected in the invoices attached to the motion assigned docket number 104 are or shall be disposed of by separate order awarding same, including the order at docket number 158; it is further

ORDERED that, until payment of the above-contemplated $8,584.65, the members of the Schermerhorn Group, and its counsel, are prohibited from filing in the above-styled adversary proceeding any motions, papers, or other documents in this Court;[2] and it is further

ORDERED that all other relief in the motion at docket number 104 is denied.

DATED:

_____
UNITED STATES BANKRUPTCY JUDGE

AGREED AS TO FORM AND CONTENT:

---

[2] This provision was not included in the original version transmitted by Annie Catmull to opposing counsel on October 22, 2010. However, for the reasons set forth in footnote 3, Annie Catmull includes this provision.

2

HOOVER SLOVACEK, L.P.

*By: /s/ Annie Catmull*
EDWARD L. ROTHBERG
State Bar No. 17313990
5847 San Felipe, Ste 2200
Houston, Texas 77057
(713) 977-8686
(713) 977-5395 (fax)

ATTORNEY FOR HSLLP DEFENDANTS


AGREED AS TO FORM ONLY

McFALL, BREITBEIL & SHULTS, P.C.

*By: no signature authorized by counsel*[3]
W. STEVE SMITH
State Bar No. 18700000
1331 Lamar Street, Suite 1250
Houston, Texas 77010
(713) 590-9300
(713) 590-9399 (fax)


SAMUEL GOLDMAN & ASSOC.

*By: no signature authorized by counsel*
SAMUEL GOLDMAN
100 Park Ave., 20th Fl.
New York, NY 10017
(212) 725-1400
(212) 725-0805 (fax)


THE FRYAR LAW FIRM

---

[3] Annie Catmull circulated a proposed order to opposing counsel on October 22, 2010. Until the afternoon of October 28, 2010 she received no written proposed revisions. The proposed revisions received on October 28, 2010-- including a proposal whereby sanctions are not paid until 15 days following entry of a *final* judgment fully disposing of the above-styled proceeding --are not acceptable to Annie Catmull. An excerpt of the Court's October 15, 2010 hearing regarding submission of this order is attached hereto. (To be clear, the $17,800.29 component of the motion at docket 104, which component is mentioned by the Court in the attached partial hearing transcript, is the subject of the separate proposed order assigned docket number 224. It is also the subject of opposing counsel's certificates of reasonableness assigned docket numbers 107 and 112, the docket notes reflecting announcements at the August 3, 2010 hearing, and the August 11, 2010 order assigned docket number 158.)

3

*By: no signature authorized by counsel*
F. ERIC FRYAR
State Bar No. 07495770
1001 Texas Ave., Suite 1400
Houston, Texas 77002
(281) 715-6396
(281) 715-6397 (fax)

ATTORNEYS FOR SCHERMERHORN PLAINTIFFS

1  a percentage of that.
2              I don't have timesheets broken out and I'm
3  not even sure if I did, given the fact that Mr. Kubbernus
4  and Mr. Whitworth and Ms. Maus don't keep timesheets, I
5  don't think you could break it out in any event.  So I have
6  to have some logical basis to come up with something less
7  than 95,385, and it makes sense to me to count up the pages
8  with the allegations about conduct pre-confirmation that
9  should have been brought to my attention at the confirmation
10 hearing, and wasn't.
11             Rather the Plaintiffs, as I have said, chose
12 not to participate, despite having notice and hauled off and
13 filed the Harris County suit directly attacking my
14 Confirmation Order and the -- which clearly put the company
15 -- the reorganized company at risk of effectuating the Plan
16 with the State Court being requested to appoint a Trustee
17 and to replace the executives.  That's what I should
18 compensate SkyPort for because clearly the company had to
19 deal with that.
20             So, I am going to award 8,584.65 to SkyPort,
21 not the 97,275 that it requested and not the punitive
22 damages.
23             So, we've got attorney's fees of
24 17,800-and-change, which actually I think I reflected in the
25 timesheets.  I'm not sure they were made an exhibit.  I

1  think they were an exhibit, but they weren't admitted, but I
2  think 17,800 is what the people stipulated to. And then
3  another 8,584.65.
4            All other relief will be denied for this
5  particular motion which is 104.
6            Let me ask if there's questions about my
7  ruling.
8            Ms. Catmull?
9            **MS. CATMULL:** Just a couple of questions, Your
10 Honor. We asked for joint and several liability of all the
11 parties. Is that what the Court intends to rule?
12           **THE COURT:** Yes, I do and that's yes because they
13 are all named parties in the Harris County pleading. They
14 all had notice of the Plan Confirmation hearing, so yes.
15           **MS. CATMULL:** Thank you, Your Honor and in keeping
16 with the drum I've been beating for the last 24 hours, does
17 the Court intend to put a deadline for them to pay?
18           **THE COURT:** Well, yeah. Let's go back, why don't
19 you draft the Order and have it signed off as to form and
20 get it to me within one week when we have -- today is the
21 15th. Why don't we make it by Friday, November 5? I would
22 say at noon -- should be sent -- money should be sent to you
23 Ms. Catmull.
24           **MS. CATMULL:** Yes, Your Honor.
25           **THE COURT:** All right, made payable to SkyPort,

1 but money should be sent to you.

2 　　　　　Any other questions?

3 　　　　　**MS. CATMULL:** I don't have any questions, Your
4 Honor.

5 　　　　　**THE COURT:** All right, Mr. Fryar?

6 　　　　　**MR. FRYAR:** No, Your Honor.

7 　　　　　**THE COURT:** All right. I appreciate you-all's
8 professionalism today in terms of putting on the case and
9 examining the witnesses. I'm sure you all are tired.

10 　　　　　If you get a chance, thank my courtroom
11 personnel here for staying late.

12 　　　　　I want to get resolution of the issues. I'm
13 sure none of you are happy, but I do the best I can, and
14 they certainly do the best they can. We will be in recess.
15 Have a good weekend.

16 　　　　　**MS. CATMULL:** Thank you Judge.

17 　　　　　**THE CLERK:** All rise.

18 　　　　　**MR. FRYAR:** Thank you, Your Honor.

19 　　　　　**(Proceeding Adjourned at 6:39 p.m.)**

20

21

22

23

24

25 　　　　　　　　　　* * * * *

JUDICIAL TRANSCRIBERS OF TEXAS, INC.