## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SKYPORT GLOBAL | § | CASE NO. 08-36737-H4-11 |
| COMMUNICATIONS, INC., | § | (Chapter 11) |
|     Debtor | § | |
| JOANNE SCHERMERHORN, JOHN K. | § | |
| WAYMIRE, ET AL., | § | |
|     PLAINTIFFS | § | |
| | § | |
| VS. | § | ADVERSARY NO. 10-03150 |
| | § | |
| CENTURYTEL, INC. (A/K/A CENTURYLINK), | § | |
| CLARENCE MARSHALL, ET AL, | § | |
|     DEFENDANTS | § | |
| | § | |
| SKYPORT GLOBAL | § | |
| COMMUNICATIONS, INC., ET. AL | § | ADVERSARY NO. 10-03225 |
|     PLANITIFFS | § | |
| | § | |
| VS. | § | |
| | § | |
| JOANNE SCHERMERHORN, ET. AL. | § | (CONSOLIDATED UNDER |
|     DEFENDANTS | § | ADVERSARY NO. 10-03150) |

## SECOND ORDER HOLDING JOANNE SCHERMERHORN *et al* IN CONTEMPT OF THE JUNE 10, 2010 PRELIMINARY INJUNCTION PROPOSED BY THE SCHERMERHORN GROUP

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SKYPORT GLOBAL | § | CASE NO. 08-36737-H4-11 |
| COMMUNICATIONS, INC., | § | (Chapter 11) |
|     Debtor | § | |
| JOANNE SCHERMERHORN, JOHN K. | § | |
| WAYMIRE, ET AL., | § | |
|     PLAINTIFFS | § | |
| | § | |
| VS. | § | ADVERSARY NO. 10-03150 |
| | § | |
| CENTURYTEL, INC. (A/K/A CENTURYLINK), | § | |
| CLARENCE MARSHALL, ET AL, | § | |
|     DEFENDANTS | § | |
| | § | |
| | § | |
| SKYPORT GLOBAL | § | |
| COMMUNICATIONS, INC., ET. AL | § | ADVERSARY NO. 10-03225 |
|     PLANITIFFS | § | |
| | § | |
| VS. | § | |
| | § | |
| JOANNE SCHERMERHORN, ET. AL. | § | (CONSOLIDATED UNDER |
|     DEFENDANTS | § | ADVERSARY NO. 10-03150) |

**SECOND ORDER HOLDING JOANNE SCHERMERHORN *et al* IN CONTEMPT OF THE JUNE 10, 2010 PRELIMINARY INJUNCTION**
[Docket No. 184]

On September 29, 2010, Skyport Global Communications, Inc. (hereinafter "Skyport") filed its "Supplemental Motion by Skyport Global Communications, Inc. that Joanne Schermerhorn et al Appear and Show Cause Why They Should Not Be Held in Contempt of the Juen 10, 2010 Preliminary Injunction" [docket no. 184] asking that the Court direct Joanne Schermerhorn *et al* to appear and show cause why they should not be held in contempt of this Court's June 10, 2010 preliminary injunction.

1

On November 9, 2010, this Court served notice to all interested parties that the above-described motion would be heard on November 29, 2010 [un-numbered docket entry dated November 9, 2010].

On November 29, 2010, the Court conducted the above-described hearing. W. Steve Smith appeared as counsel for Joanne Schermerhorn *et al.* Annie Catmull appeared as counsel for Skyport. At the conclusion of the hearing, this Court announced its findings of fact and conclusions of law into the record, which findings and conclusions are hereby incorporated by reference. Based on those findings and conclusions, it is therefore

ORDERED that Joanne Schermerhorn *et al* are in contempt of this Court's June 10, 2010 preliminary injunction; it is further

ORDERED that as sanction for the contempt "Plaintiffs' Request to Commence Adversary Proceeding for Fraud on the Court" filed by the Joanne Schermerhorn *et al* on September 27, 2010 and assigned docket number 176 (including all attachments thereto) is sealed and to be opened only by future Order of this Court; it is further

ORDERED that Hoover Slovacek LLP ("HSLLP") shall submit its invoices (reflecting such attorney fees and costs incurred) to counsel for Joanne Schermerhorn *et al* on or by December 2, 2010; it is further

ORDERED that Joanne Schermerhorn *et al* shall have until December 10, 2010 to file with this Court either an objection to the above-described invoices or a certificate of reasonableness; it is further

ORDERED that, absent such a filed objection by Joanne Schermerhorn *et al*, Joanne Schermerhorn *et al* shall cause payment of the HSLLP invoices to Skyport care of HSLLP, on or by December 17, 2010; it is further

2

ORDERED that, absent such a filed objection by Joanne Schermhorn *et al*, Annie Catmull shall, on or by December 20, 2010, file a certificate of receipt or non-receipt of payment by Joanne Schermerhorn *et al*, and it is further

ORDERED that in the event of timely objection by Joanne Schermerhorn *et al*, this Court shall conduct a  **December 22, 2010 2:30 p.m**. hearing on the reasonableness of the above-described invoices fees and costs.

DATED:

_____
UNITED STATES BANKRUPTCY JUDGE

AGREED AS TO FORM AND CONTENT:


HOOVER SLOVACEK, L.P.

*No Signature authorized*[1]
EDWARD L. ROTHBERG
State Bar No. 17313990
5847 San Felipe, Ste 2200
Houston, Texas 77057
(713) 977-8686
(713) 977-5395 (fax)

ATTORNEY FOR SKYPORT GLOBAL COMMUNICATIONS, INC.

---

[1]        On December 3, 2010, A. Catmull circulated an earlier version lacking the decretal paragraph that strikes docket number 176 from the record.  W. Steve Smith had obtained authority to "approve" that earlier version, but before he could communicate that fact, A. Catmull circulated an amended order (the Order she has now filed at Doc. #263) which includes a decretal paragraph striking docket number 176 from the record. W. Steve Smith requested deletion, that the expunging would prejudice the appellate rights and abilities of the Schermerhorn Group and requested a change to sealing of 176 until further order of the Court, thereby enabling the Schermerhorn Group to appeal if and when that decision is made.  This proposed Order has that change.

AGREED AS TO FORM ONLY:

MCFALL, BREITBEIL & SMITH, P.C.

*/s/ W. Steve Smith*
W. STEVE SMITH
State Bar No. 18700000
1331 Lamar Street, Suite 1250
Houston, Texas 77010
(713) 590-9300
(713) 590-9399 (fax)

ATTORNEY FOR SCHERMERHORN PLAINTIFFS