IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SKYPORT GLOBAL COMMUNICATIONS, INC., | § § § | Case No. 08-36737-H4-11 |
| | § | |
| Debtor. | § | |
| _____ | § | |
| JOANNE SCHERMERHORN, *et al*. | § § | |
| Plaintiffs | § § | |
| vs. | § § | Adversary No. 10-3150 |
| | § | |
| CENTURYTEL, INC. (a/k/a CENTURYLINK), CLARENCE MARSHALL, R. STEWART EWING, JR., MICHAEL E. MASLOWSKI, HARVEY P. PERRY, ROBERT KUBBERNUS, BALATON GROUP, INC., BANKTON FINANCIAL CORPORATION, BANKTON FINANCIAL CORPORATION, LLC, CLEARSKY MANAGEMENT, INC., WILSON VUKELICH LLP and CLEARSKY INVESTMENTS, LP | § § § § § § § § § § § § | |
| Defendants. | § | |

## ORDER

On May 26, 2010, Wilson Vukelich LLP filed its motion to dismiss under FED. R. CIV. P. 12(b)(2), (3) and (5) for (i) insufficient service of process, (ii) lack of *in personam* jurisdiction and (iii) improper venue [Docket No. 69]. The Plaintiffs filed their objection to the motion on June 17, 2010 [Docket No. 90]. In their objection, the Plaintiffs asserted that Wilson Vukelich LLP was subject to personal jurisdiction in Texas and that Texas was an appropriate forum. With respect to insufficient service of process, the Plaintiffs tacitly acknowledged that service of process was deficient and requested additional time to properly serve Wilson Vukelich LLP.

On June 22, 2010, the Court commenced a hearing on the motion to dismiss. The hearing was continued to July 14, 2010 and concluded on July 15, 2010. By Order entered January 13, 2011, the Court denied the motion to dismiss on grounds of lack of personal jurisdiction and improper venue [Docket No. 273]. With respect to service of process, the Court found that Wilson Vukelich LLP had not been properly served and granted the Plaintiffs additional time until February 18, 2011 to effect proper service upon Wilson Vukelich LLP. The Court explicitly stated that if the Plaintiffs failed to properly serve Wilson Vukelich LLP by February 18, 2011, the motion to dismiss would be granted on that basis. The Court scheduled a hearing

for March 1, 2011 to determine whether proper service had been effectuated in accordance with the Court's Order.

On February 11, 2011, the Plaintiffs filed their Emergency Motion for Extension of Time to Effect Service and to Continue Hearing [Docket No. 280]. The Court conducted a hearing on the Plaintiff's motion on February 23, 2011. At the conclusion of the hearing, the Court continued the matter to March 1, 2011. On March 1, 2011, the Plaintiffs advised the Court that Wilson Vukelich LLP had been properly served and that proof of service would be forthcoming. The Court stated that if service had been properly effected, it would grant Docket No. 280 and deny the motion to dismiss. The Court advised the Plaintiffs that evidence would be required.

On March 7, 2011, the Plaintiffs filed a "Return of Service" [Docket No. 286]. A copy of Docket No. 286 is attached as **Exhibit 1**.

On March 8, 2011, the Court held a hearing to consider whether Wilson Vukelich LLP had been properly served. The Plaintiffs offered no evidence and provided no testimony. Wilson Vukelich LLP offered a copy of **Exhibit 1** which was admitted into evidence by agreement. **Exhibit 1** reflects that a document was served on Marilyn Hsieh, an adult female, who is the receptionist at Wilson Vukelich LLP.

Wilson Vukelich LLP further provided the Court with (i) a copy of the applicable provisions of the Hague Service Convention (the "Convention"), (ii) the Ontario Rules of Civil Procedure governing service of process and (iii) case law regarding service under Canadian law.

Article 5 of the Convention provides that "[t]he Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either – (a) by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory . . . ."[1]

Service of process within the province of Ontario, Canada where the offices of Wilson Vukelich LLP are located is governed by Rule 16 of the Ontario Rules of Civil Procedure as promulgated under the *Courts of Justice Act*. Rule 16.01(1) provides that "[a]n originating process shall be served personally as provided in rule 16.02 . . . ." Rule 16.02(a) provides that "[w]here a document is to be served personally, the service shall be made, . . . (m) Partnership – on a partnership, by leaving a copy of the document with any one or more of the partners or with a person at the principal place of business of the partnership who appears to be in control or management of the place of business; . . . ."

Wilson Vukelich LLP further provided the Court with Canadian case authority reflecting that with respect to service upon a corporation, serving a receptionist was insufficient.

Based on the record before the Court, the evidence and legal authorities presented and the arguments of counsel, the Court makes the following findings of fact and conclusions of law. To the extent that the Court made additional findings of fact and conclusions of law on the record in open court, they are incorporated pursuant to Bankruptcy Rule 7052.

1. The Court finds that Wilson Vukelich LLP is a partnership.

---

[1] The Plaintiffs stated that they proceeded under article 5(a).

    2.      The Court finds that Marilyn Hsieh was served with a document.

    3.      The Court finds that Marilyn Hsieh is a receptionist at Wilson Vukelich LLP.

    4.      The Court finds that a receptionist is not a partner of Wilson Vukelich LLP nor is she a person at the principal place of business of Wilson Vukelich LLP who appears to be in control or management of the place of business

    5.      The Court finds that Marilyn Hsieh is not a partner of Wilson Vukelich LLP nor is she a person at the principal place of business of Wilson Vukelich LLP who appears to be in control or management of the place of business.

    6.      The Court finds that Wilson Vukelich LLP has not been properly served under Ontario law.

    7.      The Court finds that the Plaintiffs failed to comply with the Convention.

    8.      The Court finds that Wilson Vukelich LLP has not been properly served under the Federal Rules of Civil Procedure.

    9.      The Court finds that the Plaintiffs have failed to act reasonably in following the Court's orders and effecting service of process upon Wilson Vukelich LLP.

    10.      The Court finds that the motion to dismiss should be granted on the ground of insufficient service of process pursuant to FED. R. CIV. P. 12(b)(5).

Accordingly, it is **ORDERED THAT**:

    1.      Plaintiffs' Emergency Motion for Extension of Time to Effect Service and to Continue Hearing [Docket No. 280] is **DENIED**.

    2.      Defendant Wilson Vukelich LLP's Motion to Dismiss [Docket No. 69] is **GRANTED**.

    3.      The Court's Order Regarding Motion to Dismiss Adversary Proceeding Filed by all Defendants Except Wilson Vukelich LLP entered January 13, 2011 [Docket No. 274] is modified to provide that all claims set forth in Column 1 of the Table of Claims that were to be remanded to state court now excludes all claims asserted against Wilson Vukelich LLP, which claims are **DISMISSED** without prejudice.

SIGNED this _____ day of _____, 2011.

 

                                         _____
                                         **THE HONORABLE JEFF BOHM,**
                                         **UNITED STATES BANKRUPTCY JUDGE**

**Approved:**

**Porter Hedges LLP**

_/s/ David R. Jones ECF_
David R. Jones
State Bar No. 00786001/S.D.Tex. No. 16082
1000 Main, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 226-6253 (Facsimile)
**Counsel for Wilson Vukelich LLP**

\* **The Plaintiffs do not approve of the form or the substance**

# **EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| SKYPORT GLOBAL COMMUNICATIONS, INC., | § § § | CASE NO. 08-36737-H4-11 |
| Debtor | § | |
| JOANNE SCHERMERHORN, ET AL., Plaintiffs | § § § | |
| v. | § § | ADVERSARY NO. 10-03150 |
| CENTURYTEL, INC. (A/K/A CENTURYLINK), ET AL., Defendants | § § § § | |

### RETURN OF SERVICE

Attached for filing is Return of Service upon Wilson Vukelich LLP on February 28, 2011 from the Ministry of the Attorney General, Court Services Division, Central East Region, Ontario, Canada

Dated this 7th day of March, 2011.

Respectfully submitted,

MCFALL, BREITBEIL & SMITH, P.C.

By: /s/ W. Steve Smith
W. STEVE SMITH
State Bar No. 18700000
1331 Lamar Street, Suite 1250
Houston, Texas 77010
Tel.   713-590-9300
Fax.   713-590-9399
Email: ssmith@mcfall-law.com

ATTORNEY FOR PLAINTIFFS'



EXHIBIT 1

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document is being served on the 7th day of March, 2011, on all of the following parties via regular first class mail, postage prepaid. Those ECF users registered in this case will receive electronic notice on March 7, 2011.

David R. Jones
Elizabeth Freeman
Porter & Hedges, LLP
1000 Main Street, 36th Fl.
Houston, TX 77002

/s/ *W. Steve Smith*
W. Steve Smith

Case 10-03150 Document 290 Filed in TXSB on 03/14/11 Page 8 of 9
Case 10-03150 Document 286 Filed in TXSB on 03/07/11 Page 3 of 4
MAR-07-2011 13:20 CRIMINAL OFFICE 905 853 4869 P.001

Ministry of the
Attorney General

Court Services Division
Central East Region

1st Floor, 50 Eagle St. West
Newmarket, ON  L3Y 6B1

Telephone: 905 853-4801
Fax: 905 853-4869

Ministère du
Procureur général

Division des services aux tribunaux
Région Centre-Est

1ier étage, 50, rue Eagle ouest
Newmarket, (Ontario) L3Y 6B1

Téléphone: 905 853-4801
Télécopieur: 905 853-4869


Ontario

Phone #: (905) 853-4801

**FACSIMILE TRANSMISSION**
**TRANSMISSION PAR TÉLÉCOPIEUR**

Fax #: (905) 853-4869

**ATTENTION**
This facsimile may contain PRIVILEGED and CONFIDENTIAL INFORMATION only for use of the Addressee(s) named below. If you are not the intended recipient of this facsimile or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone to arrange for the return or destruction of this document. Thank you.

**AVERTISSEMENT**
Le présent document télécopié peut contenir des RENSEIGNEMENTS PRIVILEGIES ET CONFIDENTIELS destinés exclusivement aux personnes dont le nom est mentionné ci-dessous. Si vous n'êtes pas le destinataire de ce document ni l'employé ou l'agent responsable de la délivrer à son destinataire, vous êtes par la présente avis à qu'il est strictement interdit de distribuer ou copier ce document. Si celui-ci vous est parvenu par erreur, veuillez nous en aviser immédiatement par téléphone pour arranger le retour ou la destruction de ce document. Merci.

DATE: MON 7 MAR 11

TIME / HEURE: 130 p

☐ NORMAL
☐ URGENT

TO / ATTENTION / À L'ATTENTION DE: Samuel Goldman

FAX # / N° DE TÉLÉCOPIEUR: 212 725 0805

PHONE # / NO. DE TELEPHONE:

FROM / EXPÉDITEUR: B. Shaw

NUMBER OF PAGES INCLUDING COVER / NOMBRE DE PAGES, Y COMPRIS LA PRÉSENTE: 2

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL US IMMEDIATELY AT: (905) 853-4801
SI VOUS NE RECEVEZ PAS TOUTES LES PAGES, VEUILLEZ NOUS APPELER IMMEDIATEMENT AU:

COMMENTS / REMARQUES: As Requested By Carmen @ Haque's Docs

Case 10-03150   Document 290   Filed in TXSB on 03/14/11   Page 9 of 9
MAR-07-2011 13:21   Case 10-03150   Document 286   Filed in TXSB on 03/07/11   Page 4 of 4
CRIMINAL OFFICE                                       905 853 4869   P.002

# CERTIFICATE
*ATTESTATION*

The undersigned has the honour to certify, in conformity with article 6 of the Convention,
*L' autorité soussignée à l'honneur d'attester conformément à l'article 6 de la dite Convention,*

1. that the document has been served *
*1. que la demande a exécutée*

| | | |
|---|---|---|
| the (date) | - la (date) | Monday 28th February 2011 |
| at (place, street, number) | - a (localité, rue, numéro) | 60 Columbia Way, Ste. 710, Markham, Ontario |

- in one of the following methods authorized by article 5:
- *dans une formes suivantes prévues à l'article 5:*

☐  (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.
     *a) selon les formes légales (article 5, alinéa premier, lettre a) de la dite Convention*

X  (b) in accordance with the following particular method:
     *b) selon la forme particulière suivante:*       service on Marilyn HSIEH

☐  (c) by delivery to the addressee, who accepted it voluntarily.*
     *c) par remise simple*

The documents referred to in the request have been delivered to:
*Les documents mentionnés dans la demande ont été remis à:*
- (Identity and description of person)
- *(Identité et qualité de la personne)*

**Ms. Marilyn HSIEH -- adult female**

- relationship to the addressee (family, business or other):
- *liens de parenté de subordination ou autres. Avec le destinataire de l'acte*

**Receptionist at Wilson VUKELICH LLP**

2) that the document has not been served, by reason of the following facts*:
*2. que la demande n'a pas été exécutée, en raison des faits suivants:*

_____

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in The attached statement*
*Conformément à l'article 12, alinéa 2, de la dite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au memoire ci-joint.*

Annexes
*Annexes*

Documents returned:
*pieces renvoyées*
                                    See Request

In appropriate cases, documents establishing the service:
*Le cas echéant, les documents justificatifs de l'execution:*

Done at Newmarket, Ontario - the 28th February 2011
*Fait à*

Signature and/or stamp
*Signature et/ou cachet*

/s/ SHAW
**Court Enforcement Officer**
**Regional Municipality of York**

TOTAL P.002